COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Felton, Judges Clements and Beales
Argued at Richmond, Virginia


EDGER BARNETT

                                                      MEMORANDUM OPINION[*] BY
v.        Record No. 2403-05-2             CHIEF JUDGE WALTER S. FELTON, JR.
                                                            JANUARY 9, 2007
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                         Thomas N. Nance, Judge Designate

            (Michael E. Holloman, on brief), for appellant.  Appellant
            submitting on brief.

            J. Robert Bryden, II, Assistant Attorney General (Robert F.
            McDonnell, Attorney General, on brief), for appellee.


        Edger Barnett ("appellant") appeals his convictions, following a bench trial, of attempted

breaking and entering with intent to commit larceny in violation of Code §§ 18.2-26 and 18.2-91

and possession of burglarious tools in violation of Code § 18.2-94.  Appellant contends that the

trial court erred in denying his motion to strike the Commonwealth's evidence as failing to prove

his guilt beyond a reasonable doubt.  For the following reasons, we affirm.

                                        BACKGROUND

        "On appeal, 'we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom.'"  Archer v. Commonwealth,

26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (citations omitted).

        Applying that standard, the evidence proved that shortly before midnight on November

11, 2003, a second-floor resident of 211 North Boulevard in the City of Richmond heard

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

"clanging" and "metal on metal" sounds outside her window in the back of her apartment. She looked over the railing of the fire escape outside her back door and observed a "black male with something red near the top of his body, carrying a hammer in his hand." He was standing about ten feet away from her in the alleyway between 211 and 209 North Boulevard. The trial court admitted the booking photo of appellant from the night of his arrest, showing him wearing a blue jacket with red in the upper collar area. When the man turned toward her, she went back into her apartment and immediately called the police. Officer Riley arrived within five to ten minutes while she was still talking with the police dispatcher.

When he arrived, Officer Riley proceeded through the walkway beside the apartment building, saw a door "that was broken in," and observed "round, small [half-dollar size] dents into the door[] and into the outer frame of the door." The metal lock on the door was broken, and the door was open. Officer Riley also observed damage to a second basement door, including "round quarter, half dollar marks all over the door and all over the molding of the door." Initially, he did not see anyone but heard someone in the vicinity. As he proceeded past the fire escape, he confronted appellant, a person matching the resident's description, who was near another door. The officer saw appellant holding something behind his leg and ordered him to drop it. When appellant refused to do so, Officer Riley drew his weapon and after repeated commands, appellant dropped the item and was placed under arrest. The officer testified that "when [appellant] bent down I could see [a hammer] between his legs." A second officer recovered a hammer from the area where appellant was arrested.

Henry Downing, the owner of 211 North Boulevard, inspected the damage, and testified that the front basement door "had two lock halves on it that had been broken so that the lock halves ripped out of their holdings." Past that door was another "more secure door" with an iron security gate in front of it. The gate was "ripped off its hinges and the concrete that held [] it in

- 2 -

place broken up and the wood molding around the door destroyed." Downing had visited the building earlier on the day of the incident and saw no damage to either door or to the locks on the doors. He testified that appellant was not a resident of the property and was not authorized to be there.

Appellant did not present any evidence. The trial court denied appellant's motion to strike the Commonwealth's evidence, and found him guilty of both charges. On the attempted breaking and entering conviction, it sentenced appellant to five years imprisonment, with one year suspended for a period of ten years. It suspended imposition of sentence on the conviction of possession of burglarious tools for a period of ten years. This appeal followed.

ANALYSIS

On appeal, where the sufficiency of the evidence to sustain a conviction is challenged, we consider the evidence presented in a light most favorable to the Commonwealth, giving it reasonable inferences fairly deducible therefrom, and should affirm the judgment unless it appears from the evidence that the judgment of the trial court is plainly wrong or without evidence to support it. Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975) (citations omitted). "[C]redibility of witnesses and the weight accorded their testimony are matters solely for the fact finder who has the opportunity of seeing and hearing the witnesses." Schneider v. Commonwealth, 230 Va. 379, 382, 337 S.E.2d 735, 736-37 (1985) (citations omitted).

I.

Appellant contends that the trial court erred in denying his motion to strike the Commonwealth's evidence of attempted breaking and entering to commit larceny. He argues that the Commonwealth failed to prove beyond a reasonable doubt that he attempted to break and enter the property at 211 North Boulevard.

"If any person commits any of the acts mentioned in § 18.2-90 with intent to commit larceny . . . he shall be guilty of statutory burglary . . . ." Code § 18.2-91. The "acts mentioned in Code § 18.2-90" are entering in the nighttime without breaking, or breaking and entering at any time, any building permanently affixed to realty. Code § 18.2-90.

"[A]n attempt is composed of two elements: the intention to commit the crime, and the doing of some direct act towards its consummation which is more than mere preparation but falls short of execution of the ultimate purpose." Sizemore v. Commonwealth, 218 Va. 980, 983, 243 S.E.2d 212, 213 (1978) (citations omitted). "Intent is the purpose formed in a person's mind which may, and often must, be inferred from the facts and circumstances in a particular case. The state of mind of an alleged offender may be shown by his acts and conduct." Ridley v. Commonwealth, 219 Va. 834, 836, 252 S.E.2d 313, 314 (1979) (citations omitted).

"[W]hen an unlawful entry is made into [the] dwelling of another, the presumption is that the entry was made for an unlawful purpose, and the specific intent with which such entry was made may be inferred from the surrounding facts and circumstances." Id. Thus, "[i]n the absence of evidence showing a contrary intent, the trier of fact may infer that a defendant's unauthorized presence in [the] house of another was with the intent to commit larceny." Id. at 837, 252 S.E.2d at 314.

From the evidence presented, the trial court could reasonably infer that appellant attempted to break and enter the apartment building with the intent to commit larceny. A resident of the apartment building observed appellant, from a distance of about ten feet, with a hammer in his hand immediately after she heard "clanging" and "metal to metal" banging in the vicinity. Five to ten minutes later, police found appellant with an object in his hand near one of the damaged doors. When confronted by police, appellant attempted to conceal the object in his hand and initially refused to drop it. After appellant dropped it at his feet, Officer Riley

observed a hammer on the ground between appellant's legs. From this evidence, the trial court could reasonably conclude that the object initially seen in appellant's hand was the hammer observed at his feet. See Higginbotham, 216 Va. at 352, 218 S.E.2d at 537. Hammer marks were found on both basement doors and both doorframes, and the locks on both doors were damaged. Appellant did not have permission to be on the building premises, and no evidence was presented to explain his presence.

We conclude that the record contains credible evidence to support the trial court's finding that appellant attempted to break and enter the apartment building at 211 North Boulevard with the intent to commit larceny. Appellant took substantial and direct steps, beyond mere preparation, to consummate his ultimate criminal purpose, but failed short of execution when he was interrupted in his efforts, first by the apartment resident and shortly thereafter by the police.

II.

Appellant also contends that the trial court erred in denying his motion to strike the Commonwealth's evidence that he possessed a burglary tool. He argues that the Commonwealth failed to present any direct evidence that he possessed the hammer and therefore lacked proof beyond a reasonable doubt to sustain his conviction.

Code § 18.2-94 makes it unlawful for "any person [to] have in his possession any tools, implements, or outfit, with intent to commit burglary, robbery, or larceny." The statute provides that "possession of such burglarious tools, implements or outfit by any person other than a licensed dealer, shall be prima facie evidence of an intent to commit burglary, robbery, or larceny." Id. This statutory presumption, however, "does not attach to all 'tools, implements or outfit[s]' embraced by the statute, but only to such offending articles innately *burglarious* in character, those 'commonly used by burglars in house breaking . . . .'" Moss v. Commonwealth, 29 Va. App. 1, 4, 509 S.E.2d 510, 511 (1999) (emphasis in original) (quoting Burnette v.

Commonwealth, 194 Va. 785, 792, 75 S.E.2d 482, 487 (1953)). "Thus, to convict an accused for possession of 'any tools, implements, or outfit' not inherently burglarious . . . the Commonwealth must establish the requisite intent without benefit of the statutory presumption." Id. Mere possession of tools, such as a hammer, alone is not prohibited, for such tools "'may be, and usually are, designed and manufactured for lawful purposes.'" Id. at 3, 509 S.E.2d at 511 (quoting Burnette, 194 Va. at 790, 75 S.E.2d at 486). "The gravamen of the offense arises from the possessor's 'intent to use' these 'common, ordinary' objects for a criminal purpose specified by statute, *burglary, robbery, or larceny*." Id. (emphasis in the original).

Rarely established by direct proof, subjective intent "must be shown by circumstantial evidence." Servis v. Commonwealth, 6 Va. App. 507, 524, 371 S.E.2d 156, 165 (1988). Here, a resident of the apartment building, immediately after hearing a "clanging" and "metal to metal" banging in the passageway just below her apartment late at night, observed appellant, from a distance of about ten feet, with a hammer in his hand and called the police. Damage to the two doors of the apartment building where the resident saw appellant with the hammer in his hand was consistent with having been made by a hammer. A short distance away the officer found appellant with an object in his hand, an object he identified as a hammer when appellant put it down after repeated commands.

From this record, the trial court could reasonably conclude from the evidence presented that appellant possessed a hammer he intended to use, and in fact did use, in his attempt to burglarize the apartment building. We, therefore, affirm appellant's conviction of possession of a burglarious tool in violation of Code § 18.2-94.

CONCLUSION

We find, from the record before us, that the Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that

- 6 -

appellant attempted to break and enter 211 North Boulevard with the intent to commit larceny in violation of Code §§ 18.2-26 and 18.2-91 and that he possessed a burglarious tool in violation of Code § 18.2-94. Accordingly, we affirm the judgment of the trial court.

<u>Affirmed.</u>