COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Elder and Bray
Argued at Richmond, Virginia


JOHN RAY MOSS
                                        OPINION BY
v.        Record No. 2341-97-2    JUDGE RICHARD S. BRAY
                                      JANUARY 19, 1999
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF HENRICO COUNTY
             Lee A. Harris, Jr., Judge

        John W. Parsons (Law Office of Wood &
        Wood, P.C., on brief), for appellant.

        Linwood T. Wells, Jr., Assistant Attorney
        General (Mark L. Earley, Attorney General, on
        brief), for appellee.


    John Ray Moss (defendant) was convicted in a bench trial of

possession of certain tools, specifically, stolen keys, "with

intent to commit burglary, robbery or larceny," in violation of

Code § 18.2-94.  On appeal, defendant challenges the sufficiency

of the evidence to prove the offense.  Finding no error, we

affirm the conviction.

    When the sufficiency of the evidence is challenged on

appeal, we view the record "in the light most favorable to the

Commonwealth and give it all reasonable inferences fairly

deducible therefrom."  Higginbotham v. Commonwealth, 216 Va. 349,

352, 218 S.E.2d 534, 537 (1975).  The conviction will be affirmed

unless "plainly wrong or without evidence to support it."  Id.;

see Code § 8.01-680.

    Defendant was employed by Nickel Vending Company (Nickel), a

business which operated "drink and snack machines" throughout the Richmond area.  Company owner Greg Nuckols suspected that money was being stolen from Nickel's machines and contacted Henrico County Police for assistance.  During the ensuing investigation, defendant, a former employee of Nickel, was questioned by police and admitted taking "the machine keys off a desk" at Nickel, later using them "to go in . . . drink machines" to steal money.

Nuckols testified that the "key ring" stolen by defendant held "three or four keys" that opened "all the machines [he] had," including a single "master key" which unlocked "about two hundred machines."  Similar keys were provided to Nickel employees on "individual routes" to permit access to the machines for restocking and collection of money from prior sales.

> Code § 18.2-94 makes it unlawful for
>         any person [to] have in his possession any
>         tools, implements, or outfit, with intent to
>         commit burglary, robbery, or larceny . . . .
>          The possession of such burglarious tools,
>         implements, or outfit by any person other
>         than a licensed dealer, shall be prima facie
>         evidence of an intent to commit burglary,
>         robbery, or larceny.

Thus, the mere possession of "any tools, implements, or outfit" is not prohibited by the statute.  Such articles "may be, and usually are, designed and manufactured for lawful purposes." Burnette v. Commonwealth, 194 Va. 785, 790, 75 S.E.2d 482, 486 (1953).  The gravamen of the offense arises from the possessor's "intent to use" these "common, ordinary" objects for a criminal

- 2 -

purpose specified by statute, <u>burglary</u>, <u>robbery</u> <u>or</u> <u>larceny</u>.[1]  <u>Id.</u>

By including the second sentence in Code § 18.2-94, the legislature recognized the "natural and rational evidentiary relation[ship]," <u>id.</u> at 790, 75 S.E.2d at 485, between the proscribed intent and possession of "<u>burglarious</u> tools, implements, or outfit" and "adopt[ed] a rule of evidence making possession . . . <u>prima</u> <u>facie</u> evidence" of such intent.  <u>Id.</u> at 789, 75 S.E.2d at 485 (referring to former Code § 18-159).  This presumption, however, does not attach to all "tools, implements, or outfit[s]" embraced by the statute, but only to such offending articles innately <u>burglarious</u> in character, those "commonly used by burglars in house breaking and safe cracking," <u>id.</u> at 792, 75 S.E.2d at 487, particularly "suitable and appropriate to accomplish the destruction of any ordinary hindrance of access to any building, . . . vault or safe."  <u>Id.</u> at 790, 75 S.E.2d at 486.[2]  Thus, to convict an accused for possession of "any tools, implements, or outfit" not inherently burglarious, like the subject keys, the Commonwealth must establish the requisite intent without benefit of the statutory presumption.

---

[1]Violations of Code § 18.2-94 are sometimes referenced generally as "possession of burglary tools."  However, the statute criminalizes possession of "tools, implements, or outfit" with the intent to commit any one of three offenses, burglary, robbery or larceny.  Code § 18.2-94.

[2]Use of the "descriptive and relative" word "such" preceding "burglarious" in creating the presumption was an "obviously inadvertent" legislative oversight which occurred during an amendment of the statute and must be "ignored or deleted." <u>Burnette</u>, 194 Va. at 788, 75 S.E.2d at 484.

Here, defendant argues that the Commonwealth's evidence was insufficient to prove that the stolen keys were both "burglarious" and "tools or implements" contemplated by the statute.[3]  In support of his first contention, defendant reasons that the offending keys "open[ed] . . . vending machines[,] . . . clearly . . . not subject to being burglarized" and, therefore, not "burglarious."  To place the keys beyond the reach of Code § 18.2-94, defendant relies upon a dictionary definition of tool, "something (as an instrument or apparatus) used in performing an operation or necessary in the practice of a vocation or profession," Webster's Ninth New Collegiate Dictionary 1243 (1985), and of implement, "things as are used or employed for a trade, or furniture of a house.  Particularly applied to tools, utensils, instruments of labor; as the implements of trade or of farming."  Black's Law Dictionary 754 (deluxe 6th ed. 1990).

Defendant's arguments, however, misconstrue both the statute and the evidence.  Code § 18.2-94 requires proof that the offending tools, implements or outfit were intrinsically "burglarious" only when the Commonwealth relies upon the statutory presumption to establish the requisite criminal intent. Here, unaided by the presumption and guided by the dictionary definition cited by defendant, we find that the vending machine keys were tools, "something (as an instrument or apparatus) . . .

---

[3]An offending "outfit" is not in issue.

necessary in the practice of a vocation."[4]  Manifestly, keys to unlock Nickel's vending machines were indispensable to the business.[5]

Defendant admitted that he wrongfully gained possession of the keys and thereafter employed them to open several vending machines and steal coins.  Under such circumstances, he clearly possessed and used the keys, tools embraced by Code § 18.2-94, with an intent to commit larceny, a violation of the statute.

Accordingly, we affirm the conviction.

<u>Affirmed.</u>

---

[4]"Generally, the words and phrases used in a statute should be given their ordinary and usually accepted meaning unless a different intention is fairly manifest."  <u>Woolfolk v. Commonwealth</u>, 18 Va. App. 840, 847, 447 S.E.2d 530, 534 (1994) (citation omitted).

[5]We decline to decide if the keys were also implements.