COURT OF APPEALS OF VIRGINIA


Present:  Judge Bray, Senior Judges Baker and Overton[*]
Argued at Norfolk, Virginia


JESSIE LAMONT MERCER, A/K/A
 TONY HORICE DAVIS
                                          OPINION BY
v.          Record No. 2663-97-1       JUDGE JOSEPH E. BAKER
                                          MARCH 23, 1999
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                Robert B. Cromwell, Jr., Judge

        Asha S. Pandya, Assistant Public Defender
        (Lynndolyn T. Mitchell, Senior Assistant
        Public Defender; Office of the Public
        Defender, on brief), for appellant.

        Marla Graff Decker, Assistant Attorney
        General (Mark L. Earley, Attorney General, on
        brief), for appellee.


    Jessie Lamont Mercer, also known as Tony Horice Davis,

(appellant) appeals from his conviction by the Circuit Court of

the City of Virginia Beach (trial court) for violating Code

§ 18.2-94.  The sole issue presented is whether the evidence was

sufficient to find him guilty of that offense.  Finding the

evidence sufficient, we affirm the judgment of the trial court.

---

[*]Judge Overton participated in the hearing and decision of
this case prior to the effective date of his retirement on
January 31, 1999, and thereafter by his designation as a senior
judge pursuant to Code § 17.1-401, recodifying Code
§ 17-116.01:1.

Under familiar principles of appellate review, we examine the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. See Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). The judgment of a trial court will be disturbed only if plainly wrong or without evidence to support it. See id. The inferences to be drawn from proven facts are matters solely for the fact finder's determination. See Hancock v. Commonwealth, 12 Va. App. 774, 782, 407 S.E.2d 301, 306 (1991).

Viewed accordingly, the record discloses that on May 30, 1997, Richard Lafarr observed appellant enter the grocery store where Lafarr worked. Appellant proceeded down an aisle in the store and looked around nervously. Lafarr, who was watching appellant via a closed circuit television monitor, saw appellant pick up an item and place it in his left pants pocket. Lafarr saw the item slide down appellant's pants leg to his ankle. Appellant repeated this action with a second item, and again Lafarr saw it fall down to the bottom of appellant's pants leg, without falling to the floor.

Store employees subsequently took appellant into custody and recovered two six-inch by three-inch boxes of Nicorette gum from appellant's pants leg. The gum was valued at $110. Appellant had no identification and no means to pay for the gum. He was wearing baggy camouflage pants, and Lafarr noted that appellant's left

-

pants pocket was slit, allowing items to fall through the pocket into the pants leg, all the way to his ankle. The pants had drawstrings at the cuffs that prevented the items from falling out of the pants and onto the floor. Appellant presented no evidence in his own behalf.

The Commonwealth charged appellant with violating Code § 18.2-94 by possessing "certain tools, implements, or outfit with the intent to utilize them to commit burglary, robbery, or larceny." Code § 18.2-94 provides:

> If any person have in his possession any tools, implements or outfit, with intent to commit burglary, robbery or larceny, upon conviction thereof, he shall be guilty of a Class 5 felony. The possession of such burglarious tools, implements or outfit by any person other than a licensed dealer, shall be prima facie evidence of an intent to commit burglary, robbery or larceny.

The Commonwealth contends that the baggy pants with the slit pocket and drawstring at appellant's ankle area permitted the fact finder to reasonably infer that the pants were prepared and worn into the store for the intended purpose to commit larceny and, as such, constituted an "outfit" under Code § 18.2-94. Appellant contends that because pants are not commonly used to break into a structure, they were not intended by the legislature to constitute an "outfit." We disagree.

The term "outfit" is not defined in Code § 18.2-94 or elsewhere in the Code. "Generally, the words and phrases used in

-

a statute should be given their ordinary and usually accepted meaning unless a different intention is fairly manifest." Woolfolk v. Commonwealth, 18 Va. App. 840, 847, 447 S.E.2d 530, 534 (1994).  The commonly accepted definitions for the word "outfit" include (1) the act or process of fitting out or equipping, (2) materials, tools, or implements comprising the equipment necessary for carrying out a particular project, and (3) wearing apparel designed to be worn on a special occasion or in a particular situation.  See Webster's Third New International Dictionary 1601 (1993).

The judgment of a trial court will be disturbed only if plainly wrong or without evidence to support it.  See Martin, 4 Va. App. at 443, 358 S.E.2d at 418.  The inferences to be drawn from proven facts are matters solely for the fact finder's determination.  See Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989).

In Moss v. Commonwealth, 29 Va. App. 1, 509 S.E.2d 510 (1999), we rejected the defendant's assertion that Code § 18.2-94 only proscribed the possession of tools or implements used to commit burglary, noting that the statute "criminalizes possession of 'tools, implements, or outfit' with the intent to commit any one of three offenses, burglary, robbery or larceny."  See id. at 3 n.1, 509 S.E.2d at 511 n.1 (quoting Code § 18.2-94).  "Code § 18.2-94 requires proof that the offending tools, implements or

-

outfit were intrinsically 'burglarious' only when the Commonwealth relies upon the statutory presumption to establish the requisite criminal intent."  Id. at 4-5, 509 S.E.2d at 512.  A defendant is still subject to conviction under the statute if the Commonwealth can prove, independent of the statutory presumption, that the defendant possessed a non-burglarious tool, implement, or outfit with the intent to commit larceny.  See id. at 4, 509 S.E.2d at 511.

An item of clothing that is altered to facilitate shoplifting can reasonably be considered wearing apparel designed to be worn in a particular situation.  See Webster's Third New International Dictionary at 1601.  We hold, therefore, that a pair of pants can constitute an "outfit" as that term is used in Code § 18.2-94.  A pair of pants is not necessarily "burglarious," that is, it is not an item commonly used to break into a structure.  For that reason, to convict appellant under Code § 18.2-94, the Commonwealth was required to prove that appellant possessed these pants with the intent to use them to commit larceny.  See Moss, 29 Va. App. at 4, 509 S.E.2d at 511.

"Because direct proof of intent is often impossible, it must be shown by circumstantial evidence."  Servis v. Commonwealth, 6 Va. App. 507, 524, 371 S.E.2d 156, 165 (1988).  "Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude

every reasonable hypothesis except that of guilt."  Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983).  But "[t]he Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant."  Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993).  "Whether a hypothesis of innocence is reasonable is a question of fact."  Herrel v. Commonwealth, 28 Va. App. 579, 587, 507 S.E.2d 633, 637 (1998).

All the tools, implements or outfits included in Code § 18.2-94 may be, and usually are, designed and manufactured for a lawful purpose.  Mere possession thereof is not a crime.  Burnette v. Commonwealth, 194 Va. 785, 790, 75 S.E.2d 482, 485-86 (1953).  It has been held, and Code § 18.2-94 provides, that possession "shall be prima facie evidence of an intent to commit burglary, robbery or larceny."  Nance v. Commonwealth, 203 Va. 428, 429, 124 S.E.2d 900, 901 (1962) (citation omitted).

When viewed in its entirety, the record here discloses sufficient evidence to support the finding that appellant wore the baggy pants with the slit pocket and tied-off cuffs to facilitate his attempted shoplifting.  The record shows that appellant entered the grocery store with no money or other means on his person to pay for the gum and that he looked about in a suspicious manner.  He then placed two packs of Nicorette gum, valued at

-

$110, into the specially prepared pocket, which allowed the gum packages to drop through the pocket down to the tied-off cuff of his pants, but not onto the floor.  From the foregoing facts, the record supports the trial court's judgment that the baggy pants with the slit pocket and tied-off cuffs constituted an "outfit" that was possessed by appellant with the intent to be used to commit larceny.

For the reasons stated, we affirm the judgment of the trial court.

<u>Affirmed.</u>

-