COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Clements and McClanahan
Argued at Richmond, Virginia


KENNEY QUINARD WILLIAMS

v.      Record No. 0870-06-2

COMMONWEALTH OF VIRGINIA

OPINION BY
JUDGE ROBERT J. HUMPHREYS
SEPTEMBER 4, 2007


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Michael C. Allen, Judge

J. Martelino, Jr., for appellant.

Kathleen B. Martin, Senior Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Kenney Quinard Williams ("Williams") appeals his conviction of possession of

burglarious tools, in violation of Code § 18.2-94.  He argues that (1) the trial court erred in

construing the statute to include a plastic bag as a larcenous "implement," and (2) the statute is

void for vagueness under the United States and Virginia Constitutions.  For the reasons that

follow, we agree with Williams that a plastic bag is not an "implement" as contemplated by the

statute, thus we reverse his conviction and need not address the constitutional validity of the

statute.

BACKGROUND

The facts of this matter are not in dispute.  On July 3, 2005, Williams entered a sporting

goods store while shopping at a mall in Chesterfield County.  Williams remained in the store

briefly, then left.  Williams returned a short while later, sat down next to a stack of boxes,

removed a plastic bag —with a shoe store's logo — from his pants, placed a boxed pair of shoes

into the bag, and left the store without paying for the shoes. When Williams was apprehended in the mall, he admitted to stealing the shoes.

The Commonwealth charged Williams with petit larceny and possession of burglarious tools, in violation of Code §§ 18.2-96 and 18.2-94, respectively. Williams pled guilty to the petit larceny charge and not guilty to the charge of possession of burglarious tools. Prior to trial, Williams filed a motion to dismiss the burglarious tools charge, asserting that the statute was unconstitutionally void for vagueness. The trial court denied this motion. Williams stipulated to the facts offered by the Commonwealth during the motion to dismiss, but argued that the evidence was insufficient to convict because a plastic bag was not an "implement" as contemplated by the statute. The trial court disagreed and convicted Williams of possession of burglarious tools, ruling that a plastic bag constituted an "implement" under the statute so long as it was used with intent to commit larceny. Williams now appeals.

ANALYSIS

On appeal, Williams concedes that he had the requisite criminal intent, but argues that a plastic bag is not an "implement" as contemplated by Code § 18.2-94. On brief, the Commonwealth argues that Williams' conduct violated Code § 18.2-94 because he used the shopping bag with the intent to steal the shoes. However, this argument presupposes that the plastic bag satisfies the definition of implement, a term that is not statutorily defined. Thus, our task is to determine whether the General Assembly intended an ordinary bag to constitute an "implement" under Code § 18.2-94. Because this is a question of law involving the construction and application of Code § 18.2-94, we review the trial court's determination *de novo*. See Ainslie v. Inman, 265 Va. 347, 352, 577 S.E.2d 246, 248 (2003).

Although commonly referred to as "Possession of burglarious tools," Code § 18.2-94 is somewhat broader than its title implies. In pertinent part, the statute provides:

- 2 -

> If any person have in his possession any tools, implements, or outfit, with intent to commit burglary, robbery, or larceny . . . he shall be guilty of a Class 5 felony.  The possession of such burglarious tools, implements, or outfit . . . shall be prima facie evidence of an intent to commit burglary, robbery, or larceny.

This statute does not prohibit "the mere possession of 'any tools, implements, or outfit,'" as "[s]uch articles 'may be, and usually are, designed and manufactured for lawful purposes.'" Moss v. Commonwealth, 29 Va. App. 1, 3, 509 S.E.2d 510, 511 (1999) (quoting Burnette v. Commonwealth, 194 Va. 785, 790, 75 S.E.2d 482, 486 (1953)).  Instead, "[t]he gravamen of the offense arises from the possessor's 'intent to use' these 'common, ordinary' objects for a criminal purpose specified by statute, burglary, robbery or larceny."[1]  Id.

"Generally, the words and phrases used in a statute should be given their ordinary and usually accepted meaning unless a different intention is fairly manifest."  Woolfolk v.

---

[1] In disagreeing with this analysis, the concurrence gives primacy to the second sentence of the statute and reasons that Code § 18.2-94 applies only to *burglarious* tools, implements or outfits, namely, items used for forced entry into buildings or other structures and would hold that possession of "tools, implements or outfits" used to commit a larceny or robbery are not punishable under the statute unless they are also of utility in committing a burglary.  However, we do not read Burnette to support such a construction.  Moreover, in Moss, we specifically noted that although "[v]iolations of Code § 18.2-94 are sometimes referenced generally as 'possession of burglary tools[,]' . . . the statute criminalizes possession of 'tools, implements, or outfit[s]' with the intent to commit any one of three offenses, burglary, robbery or larceny."  Moss, 29 Va. App. at 3 n.1, 509 S.E.2d at 511 n.1.  Furthermore, in Mercer v. Commonwealth, 29 Va. App. 380, 385, 512 S.E.2d 173, 175 (1999), we held that a pair of pants altered to facilitate shoplifting constituted an "outfit" under Code § 18.2-94.  In doing so, we acknowledged that "[a] pair of pants is not necessarily 'burglarious,' that is, it is not an item commonly used to break into a structure."  Id.  We held that the appellant could still be convicted under Code § 18.2-94, if the Commonwealth proved that "appellant possessed these pants with the intent to use them to commit larceny."  Id.  The concurrence "disagrees" with our holdings in Moss and Mercer and would have us ignore them.  This we may not do even if we agreed with the analysis of our colleague, as we are bound by prior panel precedent under the interpanel accord component of the *stare decisis* doctrine.  See Johnson v. Commonwealth, 252 Va. 425, 430, 478 S.E.2d 539, 541 (1996) ("[W]e hold that a decision of a panel of the Court of Appeals becomes a predicate for application of the doctrine of *stare decisis* until overruled by a decision of the Court of Appeals sitting *en banc* or by a decision of this Court.").  "This principle applies not merely to the literal holding of the case, but also to its *ratio decidendi* — the essential rationale in the case that determines the judgment."  Clinchfield Coal Co. v. Reed, 40 Va. App. 69, 73-74, 577 S.E.2d 538, 540 (2003).

Commonwealth, 18 Va. App. 840, 847, 447 S.E.2d 530, 534 (1994). "[T]he language of [] a penal statute should be given a reasonable or common sense construction, consonant with the objects of the legislation." Norman J. Singer, Statutes and Statutory Construction § 59:6 (6th ed. 2001). "Indeed, when determining the boundaries of such a statute, 'the plain, obvious, and rational meaning of a statute is always preferred to any curious, narrow or strained construction . . . .'" Law v. Commonwealth, 39 Va. App. 154, 158, 571 S.E.2d 893, 895 (2002) (quoting Branch v. Commonwealth, 14 Va. App. 836, 839, 419 S.E.2d 422, 424 (1992)).

However, "[t]his general rule applies except when the language of the statute is ambiguous or would lead to an absurd result." Washington v. Commonwealth, 272 Va. 449, 455, 634 S.E.2d 310, 313 (2006). In such an instance, "[t]he meaning of doubtful words in a statute may be determined by reference to their association with related words and phrases." Commonwealth v. United Airlines, Inc., 219 Va. 374, 389, 248 S.E.2d 124, 132 (1978). "Thus, when general words and specific words are grouped together, the general words are limited and qualified by the specific words and will be construed to embrace only objects similar in nature to those objects identified by the specific words." Id. at 389, 248 S.E.2d at 132-33. Moreover, "[w]e 'assume that the legislature chose, with care, the words it used when it enacted the relevant statute.'" Alger v. Commonwealth, 267 Va. 255, 261, 590 S.E.2d 563, 566 (2004) (quoting Barr v. Town & Country Properties, Inc., 240 Va. 292, 295, 396 S.E.2d 672, 674 (1990)).

The terms "tools," "implements," and "outfit" are not defined statutorily.[2] Implement has several different noun meanings, some more specific than others. Generally defined, an implement is "an article [] serving to equip[.]" Webster's Third New International Dictionary 1134 (1993). "Implement applies to anything, usu[ally] a contrivance, necessary to effect an end or perform a task[.]" Id. More specifically however, according to Ballentine's Law Dictionary

---

[2] Although they are not defined statutorily, in context the terms are used as nouns.

- 4 -

587 (3d ed. 1969), an implement is "[a] tool, instrument, utensil, or machine for carrying on work, particularly a machine for agricultural work. A thing necessary to a trade and without which the work cannot be performed." Similarly, Black's Law Dictionary 754 (6th ed. 1990) defines implements as "things as are used or employed for a trade, or furniture of a house. Particularly applied to tools, utensils, instruments of labor; as the implements of trade or of farming."[3]

The generally accepted definitions of "tool" are (1) an instrument (as a hammer or saw) used or worked by hand, and (2) an implement or object used in performing an operation or carrying on work of any kind. See Webster's, *supra*, at 2408; see also Moss, 29 Va. App. at 4-5, 509 S.E.2d at 511-12 (finding that keys were "something [] used in performing an operation or necessary in the practice of a vocation or profession"). Similarly, the commonly accepted noun definitions for the word "outfit" are (1) the materials, tools, or implements comprising the equipment necessary for carrying out a particular project, and (2) wearing apparel designed to be worn on a special occasion or in a particular situation. See Webster's, *supra*, at 1601; see also Mercer v. Commonwealth, 29 Va. App. 380, 385, 512 S.E.2d 173, 175 (1999) (holding that "wearing apparel designed to be worn in a particular situation" constituted an "outfit" as envisioned by Code § 18.2-94).

---

[3] In Moss, the defendant argued that he could not be convicted for possession of burglarious tools because keys were not "tools" or "implements" as contemplated by Code § 18.2-94. 29 Va. App. 1, 509 S.E.2d 510. This Court determined that the keys satisfied the definition of tool that was provided by the defendant. Specifically, this Court found that the keys were "'something [] used in performing an operation or necessary in the practice of a vocation or profession.'" Id. at 4, 509 S.E.2d at 511 (quoting Webster's Ninth New Collegiate Dictionary 1243 (1985)). Although we declined to address whether the keys constituted an implement, this Court took note of the defendant's proffered definition of implement as "things as are used or employed for a trade, or furniture of a house. Particularly applied to tools, utensils, instruments of labor; as the implements of trade or of farming." Id. at 4, 509 S.E.2d at 511-12 (citing Black's Law Dictionary 754 (deluxe 6th ed. 1990)).

Clearly, the terms "tool," "implement" and "outfit" have somewhat different but overlapping meanings. The Commonwealth urges this Court to construe "implement" broadly, implicitly arguing that almost any item used with the requisite intent, but not qualifying as a "tool" or "outfit," constitutes an "implement" for the purposes of the statute. Assuming that the Commonwealth is correct in asserting that, in the abstract, the term "implement" is more general than the terms "tool" and "outfit," the Commonwealth's argument ignores the principle of statutory construction stated above. That is, when general words and specific words are used together, the general words are limited and qualified by the specific words. See United Airlines, 219 Va. at 389, 248 S.E.2d at 132-33. Moreover, as our Supreme Court reiterated recently, "[t]he use of such expansive definitions of a word in a penal statute is contrary to our well-established principle that when a statute 'is penal in nature, it must be strictly construed against the state and limited in application to cases falling clearly within the language of the statute.'" Robinson v. Commonwealth, 274 Va. 45, 52, 645 S.E.2d 470, 473-74 (2007) (quoting Turner v. Commonwealth, 226 Va. 456, 459, 309 S.E.2d 337, 338 (1983)). Thus, we are obligated by principles of statutory construction to limit the meaning of "implement" according to the more specific words contained in the statute.[4]

In fact, we note that when the word "implement" appears in the Virginia Code, it frequently appears in conjunction with specific words denoting equipment or machinery related to an occupation or profession. See Code §§ 18.2-325(3)(b) (defining "gambling device" as "[a]ny machine, apparatus, *implement*, instrument, contrivance, board or other thing"); 34-26(7)

---

[4] The terms "tool" and "implement" are synonyms. See Webster's, *supra*, at 2408 and 1134. However, a synonym is "one of two or more words of the same language and grammatical category having the same *or nearly the same* essential or generic meaning and differing only in connotation, application, or idiomatic use." Id. at 2320 (emphasis added). Thus, to the extent that the terms may be interchangeable, we can only conclude that the General Assembly did not view the terms as such, but rather, found the differences to be of importance.

(exempting "[t]ools, books, instruments, *implements*, equipment, and machines . . . necessary for use in the course of the householder's occupation or trade" from creditor process); 59.1-352.1 (defining "dealer" as "a person engaged in the business of selling . . . farm, construction, utility or industrial equipment, *implements*, machinery, attachments, outdoor power equipment, or repair parts") (emphasis added).

Moreover, and in contrast to the statute at issue here, Code § 18.2-325(3)(b) includes the phrase "other thing[s]" in its definition of "gambling device." Clearly this is a "catch-all" phrase, designed to include items that cannot be categorized under the more specific terms, such as "implement," that are contained within the statute. Code § 18.2-94 contains no such phrase, and we decline to hold that the term "implement" is such a phrase for the purpose of the statute. In fact, we hold to the contrary. Because the General Assembly failed to include such a general term, and because we assume that the General Assembly chose its words with care, <u>Alger</u>, 267 Va. at 261, 590 S.E.2d at 566, we hold that the definition of implement must be defined more narrowly than the Commonwealth argues.

Accordingly, we conclude that in context, the legislature intended the term "implement" to refer specifically to items associated with devices, instruments, equipment or machinery as they relate to an occupation or profession, but which are used to facilitate the commission of a burglary, robbery or larceny. <u>See</u> <u>United Airlines</u>, 219 Va. at 389, 248 S.E.2d at 132-33. So construed, we conclude that "implement" means a device, apparatus, instrument or equipment used in a trade, vocation or profession, or an "object used in performing an operation or carrying on work of any kind[, such as] an instrument or apparatus necessary . . . in the practice of [a] vocation or profession[.]" <u>Webster's</u>, *supra*, at 2408. Based on this definition, we hold that an ordinary plastic bag, such as the one at issue here, is not an "implement" as proscribed by Code

§ 18.2-94 because it serves no particular purpose in furtherance of a trade, occupation, profession or work.

Furthermore, a construction of the term "implement" along the lines suggested by the Commonwealth would lead to "absurd results." See Washington, 272 Va. at 455, 634 S.E.2d at 313. For example, one obvious result of accepting the Commonwealth's argument would be that every concealment of merchandise in violation of Code § 18.2-103, regardless of the item's value, would also constitute a Class 5 felony under Code § 18.2-94 because any and every item used to accomplish the element of concealment from public view, such as a purse, coat or a pocket, would also constitute a "larcenous implement." Had the General Assembly intended such a result, they would have punished the crime of concealment accordingly.

Our holding today is not inconsistent with prior opinions of either this Court or of our Supreme Court which hold that inherently innocent items can be "tools, implements, or outfits" used for burglarious or larcenous purposes under Code § 18.2-94. See Carter v. Commonwealth, 223 Va. 528, 290 S.E.2d 865 (1982); Moss, 29 Va. App. 1, 509 S.E.2d 510. Specifically, in Carter, the defendant challenged the sufficiency of the evidence and did not contest whether the screwdriver, an innocent item, qualified as a tool or implement under the statute. Although this holding presumed that the screwdriver was one of the items prohibited by the statute and did not address the question in its analysis, as noted above, a screwdriver is obviously not inconsistent with the accepted definitions of the term "tool." [5]

---

[5] In Hagy v. Commonwealth, 35 Va. App. 152, 543 S.E.2d 614 (2001), we affirmed a possession of burglarious tools conviction when police found the defendant in an automobile containing crowbars, screwdrivers, pliers, and a "slim jim," a tool designed to open locked vehicles without a key. Id. at 156, 543 S.E.2d at 616. We noted that all of the tools were of the type that can be used in the "construction trade" as "prying implements or tools that could be used to forcibly open vending machines or other structures." Id. at 161, 543 S.E.2d at 618. On appeal, we found that the combination of tools was "innately burglarious," giving rise to the rebuttable presumption not in issue here, that the defendant possessed the tools with the intent to use them to commit a burglary, robbery, or larceny. Id.

In Moss, this Court found that vending machine keys were necessary to a vocation, and thus, qualified as a tool under the statute. Moss, 29 Va. App. at 5, 509 S.E.2d at 512. And in Mercer, 29 Va. App. at 385, 512 S.E.2d at 175, we held that "[a]n item of clothing . . . altered to facilitate shoplifting can [] be considered wearing apparel *designed to be worn in a particular situation*[,]" and thus constituted an "outfit" for purposes of Code § 18.2-94. (Emphasis added). Our holding today reiterates what we implicitly held in Moss and Mercer. That is, as long as the inherently innocent item meets the general definition of the word, if coupled with the requisite intent it can become a larcenous "implement," "outfit," or "tool" for purposes of Code § 18.2-94. However, in the present case, we hold that a plastic bag such as the one used by the appellant does not meet the general definition of "implement," and thus, even if used with the requisite intent, as is the case here, cannot become a larcenous "implement" for purposes of Code § 18.2-94.

Our holding is also consistent with the statutory history of Code § 18.2-94. When first adopted in 1878, the statute then proscribing the possession of burglarious tools referred to "tools, implements, or [] outfit[s] *known as burglars' tools, implements, or outfit[s] . . . .*" Burnette, 194 Va. at 787-88, 75 S.E.2d at 484 (quoting 1877-78 Va. Acts, p. 288) (emphasis in original). In 1919, the General Assembly revised the statute and omitted the italicized words, but the revisers' note expressly stated that "'no material change ha[d] been intended.'" Id. at 788, 75 S.E.2d at 484 (quoting Code § 4437 (1919)). Thus, the statute's legislative history indicates that the General Assembly, by referring to "tools, implements, or [] outfit[s] *known as burglar's tools, implements, or outfit[s]*," intended to proscribe the possession of items commonly *associated* with the commission of burglary, robbery, or larceny, not merely items that could *possibly* be used for these purposes. We conclude that an ordinary plastic bag is not an item

- 9 -

commonly associated with larceny, and as such, find further support for our holding that a plastic bag is not an "implement" as contemplated by Code § 18.2-94.

## CONCLUSION

For the reasons stated, we hold that a plastic bag is not an "implement" under Code § 18.2-94. We therefore reverse the judgment of the trial court and vacate Williams' conviction. Because we reverse on this basis, we need not reach Williams' constitutional challenge to the statute.

<u>Reversed and dismissed.</u>

McClanahan, J., concurring.

I concur with the result but cannot join in the majority's analysis. I believe the legislative history of Code § 18.2-94[6] and <u>Burnette v. Commonwealth</u>, 194 Va. 785, 75 S.E.2d 482 (1953), mandate a more narrow holding in this case. This history and the Supreme Court's construction of Code § 18.2-94's predecessor clearly limit the proscription of this statute to the unlawful possession of *burglarious* tools, implements or outfit. Thus, I do not agree that the statute can be read to include "larcenous implements," i.e., non-burglarious implements, as the majority holds.

When the predecessor to Code § 18.2-94 was first adopted in 1878, the last two sentences of the statute provided as follows:

> "If any person have in his possession any tools, implements, or other outfit known as burglars' tools, implements, or outfit, with intent to commit burglary, robbery, or larceny, he shall be deemed guilty of a felony [and imprisoned not less than 5 years nor more than 18 years]. The possession of such burglarious tools, implements or outfit, shall be prima facie evidence of an intent to commit burglary, robbery, or larceny."

<u>Burnette</u>, 194 Va. at 787-88, 75 S.E.2d at 484 (quoting Va. Acts 1877-78, p. 288) (emphasis omitted). The statute also included the punishment for common law burglary and the definition of the same. <u>Id.</u> The statute was subsequently incorporated in the Code of 1887 without change. <u>Id.</u> at 788, 75 S.E.2d at 484.

In 1919, the statute was revised by transposing the sentences setting forth the punishment for and definition of common law burglary, and omitting the phrase, "known as burglars' tools,

---

[6] Code § 18.2-94 provides in its entirety:

> If any person have in his possession any tools, implements or outfit, with intent to commit burglary, robbery or larceny, upon conviction thereof he shall be guilty of a Class 5 felony. The possession of such burglarious tools, implements or outfit by any person other than a licensed dealer, shall be prima facie evidence of an intent to commit burglary, robbery or larceny.

- 11 -

implements, or outfit," in the next to the last sentence of the statute.  Id. at 788, 75 S.E.2d at 484.

The Code revisors' note explained, however, that "'no material change'" to the statute [had] been

intended by those revisions.  Id. (quoting 1919 Code Revisors' Note to Code § 4437).  The

Supreme Court also reasoned in Burnette that no change had been effected by the deletion of that

phrase "since the word 'burglarious' used in the last sentence adequately expressed the idea."[7]

Id.  With those revisions, the General Assembly has not changed the last two sentences of the

statute since 1919, except for making the crime a Class 5 felony, and codifying it separately from

common law burglary.[8]

Based on this statutory history, and the Virginia Supreme Court's construction of the

statute in Burnette, I conclude, and would therefore hold, that the elements of the statutory crime

proscribed in Code § 18.2-94 consist of the following:  (1) possession of burglarious tools,

---

[7] Burnette involved a constitutional challenge to the statute.  The defendant argued that because the word "such" in the last sentence referred to the tools, implements or outfit in the preceding sentence, the statute was overbroad in that it made the "mere possession of common, ordinary tools of a trade or calling, by one other than a licensed dealer, *prima facie* evidence of intent to commit a crime."  Burnette, 194 Va. at 787, 75 S.E.2d at 484.  Rejecting this argument, the Supreme Court explained that the presumption only applied when "the tools found in the possession of persons charged with violating the statute are *in fact* such tools as are *commonly used in breaking and entering*."  Id. at 788, 75 S.E.2d at 484 (emphasis added).  In other words, the presumption attaches "only to such offending articles *innately burglarious* in character."  Hagy v. Commonwealth, 35 Va. App. 152, 158, 543 S.E.2d 614, 616 (2001) (citation omitted) (emphasis added).  In all other cases, when those are not the facts, the presumption cannot be invoked by the Commonwealth in proving intent to use the burglarious item(s) to commit the crime.  Burnette, 194 Va. at 790, 75 S.E.2d at 485-86.  Compare id. at 791-92, 75 S.E.2d at 486-87 (presumption supporting conviction where defendant was in possession of combination of tools commonly used in commission of burglaries); Nance v. Commonwealth, 203 Va. 428, 430-31, 124 S.E.2d 900, 902-03 (1962) (same); and Hagy, 35 Va. App. at 156-58, 543 S.E.2d at 616-17 (same); with Carter v. Commonwealth, 223 Va. 528, 532, 290 S.E.2d 865, 867 (1982) (screwdriver that "could be used in a break-in" was only tool in defendant's possession, and conviction was without benefit of presumption).

[8] In the Code of 1950, the statute as it appeared in 1919 was codified at Code § 18-159.  Then in 1960, the statute was amended and recodified, with common law burglary set forth under Code § 18.1-86 (now Code § 18.2-89), and the "Possession of burglarious tools, etc." provisions set forth under Code § 18.1-87 (now Code § 18.2-94).

implement or outfit, and (2) an intent to commit burglary, robbery or larceny therewith. See Burnette, 194 Va. at 792, 75 S.E.2d at 487 (reciting elements of crime where defendant charged with possession of burglarious tools); see also 1-12 Virginia Model Jury Instructions--Criminal Instruction No. P12.400 (This instruction for a crime charged under Code § 18.2-94 begins: "The defendant is charged with the crime of possession of burglarious [tools; implements; outfit] with intent to commit [burglary; robbery; larceny].").[9]

In this case, the record makes clear appellant possessed a plastic shopping bag he intended to use in the commission of a crime. There is simply no evidence, however, that appellant possessed the bag as a *burglarious* tool, implement or outfit, when he entered the sporting goods store, located in a shopping mall and open to the general public, and therein committed petit larceny by stealing a pair of shoes, which he concealed in the plastic bag.[10] This is not to say, however, that a plastic bag could never be a burglarious tool, implement or outfit. Therefore, I disagree with the majority's overly broad holding that "a plastic bag is not an 'implement' as contemplated by Code § 18.2-94."

---

[9] Accordingly, I must also disagree with those parts of both Mercer v. Commonwealth, 29 Va. App. 380, 512 S.E.2d 173 (1999), and Moss v. Commonwealth, 29 Va. App. 1, 509 S.E.2d 510 (1999), cited by the majority, in which two panels of this Court have construed Code § 18.2-94 as applicable to the possession of non-burglarious tools, implements or outfits. As with the majority, I disagree with their reading of the relevant statutory history and Burnette, which is controlling.

[10] I also note that Code § 18.2-94, entitled "Possession of burglarious tools, etc.," is codified under Chapter 5, Article 2 (Code §§ 18.2-89 through 18.2-94) of Title 18.2 addressing "Burglary and Related Offenses," whereas the general larceny statutes are set forth in Chapter 5, Article 3 ("Larceny and Receiving Stolen Goods"). See Hawkins v Commonwealth, 255 Va. 261, 269, 497 S.E.2d 839, 842 (1998) ("A title may be read in an attempt to ascertain an act's purpose, though it is no part of the act itself." (citing Miller v. Commonwealth, 180 Va. 36, 41, 21 S.E.2d 721, 723 (1942))); Bell v. Commonwealth, 21 Va. App. 693, 701, 467 S.E.2d 289, 293 (1996) ("While not part of the code section, in the strictest sense, the caption may be considered in construing the statute, as it is 'valuable and indicative of legislative intent.'" (quoting Krummert v. Commonwealth, 186 Va. 581, 584, 43 S.E.2d 831, 832 (1947))).

I concur in reversing appellant's conviction under Code § 18.2-94, but on the more narrow basis that the facts in this case do not support a finding that the plastic bag in appellant's possession was a burglarious tool, implement or outfit.