FELTON, C.J., with whom ELDER and McCLANAHAN, JJ.,
join, concurring.
I concur with that portion of the majority opinion that concludes that appellant’s purse is not a “tool[ ], implement ] or outfit” within the meaning of Code § 18.2-94, and therefore concur in the judgment it reaches. I write separately to *413 express my view that Burnette v. Commonwealth, 194 Va. 785, 75 S.E.2d 482 (1953), and the legislative history of Code § 18.2-94, constrains this Court to construe Code § 18.2-94 as prohibiting only the possession, with the requisite intent, of “burglarious tools,” i.e., those tools, implements, or outfit that are “suitable and appropriate to accomplish the destruction of any ordinary hindrance of access to any building, or to a vault or safe.” Burnette, 194 Va. at 790, 75 S.E.2d at 486.
The statute creating the crime of possessing “burglarious tools, implements or outfit” was part of legislation first adopted by the General Assembly in 1878 (Acts of 1877-78, p. 288), and as the Burnette Court noted, the statute read:
“Any person who shall be guilty of burglary, shall be punished with death, or, in the discretion of the jury, by confinement in the penitentiary for a period not less than five nor more than eighteen years. If a person break and enter the dwelling-house of another in the night time, with intent to commit larceny, he shall be deemed guilty of burglary, though the thing stolen, or intended to be stolen, be of less value than twenty dollars. If any person ha[v]e in his possession any tools, implements, or other outfit known as burglars’ tools, implements, or outfit, with intent to commit burglary, robbery, or larceny, he shall be deemed guilty of a felony, and on conviction thereof, shall be punished by confinement in the penitentiary not less than five nor more than ten years. The possession of such burglarious tools, implements, or outfit, shall be prima facie evidence of an intent to commit burglary, robbery, or larceny.”
Burnette, 194 Va. at 787-88, 75 S.E.2d at 484.
The 1878 statute codified burglary as it then existed and created a statutory offense to possess “burglarious tools, implements, or other outfit known as burglar’s tools, implements, or outfit, with the intent to commit burglary, robbery or larceny....” The “burglarious tools, implements or outfit” in the statute were “known as burglar’s tools.” Id.
The statute continued in that form without change in the Code of 1887 as section 3704. However, in 1919 the language *414 of the statute was altered by transposing several sentences, and included the definition of common law burglary and omitted the descriptive phrase “known as burglar’s tools, implements, or outfit.” The 1919 Code Revisors’ note to the amended code section stated: “The phraseology of this section has been changed so as to include common law burglary in the definition of burglary under the statute, and there is a transposition of sentences at the beginning of the section, but no material change has been intended.” Burnette, 194 Va. at 788, 75 S.E.2d at 484.
At its 1950 Session, the General Assembly recodified the earlier statute as Code § 18-159. The recodified statute included the same two criminal provisions, burglary and the possession of “burglarious tools” with the requisite intent, as was in the 1919 statute.
In 1953, in Burnette, the Supreme Court, considering a constitutional challenge to the evidentiary presumption contained in Code § 18-159, noted that:
[t]he statutory crime with which defendant is charged consists of two essential elements: (1) possession of burglarious tools; and (2) an intent to commit burglary, robbery, or larceny therewith. The burden was upon the Commonwealth to prove possession of such tools by defendant beyond a reasonable doubt. The statute makes possession prima facie evidence of the criminal intent.
Id. at 792, 75 S.E.2d at 487 (emphasis added). There the Supreme Court clearly declared that
[t]he mere possession of burglarious tools is not a crime under the statute. It is possession with intent to use them to commit a crime. The tools or implements may be, and usually are, designed and manufactured for lawful purposes. But it is unusual for a person, on a lawful mission, to have in his possession a combination of tools and implements suitable and appropriate to accomplish the destruction of any ordinary hindrance of access to any building, or to a vault or safe.
*415 Id. at 790, 75 S.E.2d at 486. It concluded that the combination of tools at issue there,
a loaded 32-caliber Colt’s blue steel revolver, two new 10 inch hacksaw blades ..., [ ] one pair of white cotton gloves[,] ... one 36 inch pick, one 30 inch wrecking bar[,] one 3 pound sledge hammer[,] one 18 inch screw driver[,] one two-cell flashlight, one 1/2 inch steel drill bit, one 7/16 inch steel drill bit[,] ... four 1/4 inch steel drill bits[,] ... [and] one pair of work gloves with buck palms and cotton baeks[,]
while designed for, and adaptable to, lawful uses, “were implements and tools commonly used by house breakers and safe crackers,” which “prove[d] that they were ‘burglarious tools’ within the meaning of the statute.” Id. at 791, 792, 75 S.E.2d at 486, 487.
Subsequently, at its 1960 session, the General Assembly recodified Code § 18-159, creating two separate statutes embodying the two substantive offenses formerly contained in Code § 18-159: Code § 18.1-61 (burglary) and Code § 18.1-87 (possession of “burglarious tools, implements or outfit”). At its 1975 session, the General Assembly again recodified Code § 18.1-87, this time as Code § 18.2-94, the code section under which appellant was convicted. It placed Code § 18.2-94 in Chapter 5, Article 2 of Title 18.2, entitled “Burglary and Related Offenses.”
Since its inception in 1878, the crime of possession of “burglarious tools” has been combined with and associated with the crime of burglary. That the General Assembly has since 1878 continually placed the statutory offense of possession of “burglarious tools” in that part of the Code pertaining to burglary demonstrates, in my view, that the General Assembly intended to retain the close historical connection between the offenses of the possession of “burglarious tools, implements or outfit” and burglary. Expanding the meaning of “burglarious tools, implements or outfit” beyond “a combination of tools and implements suitable and appropriate to accomplish the destruction of any ordinary hindrance of access *416 to any building, or to a vault or safe,” is, in my view, a departure from its historical mooring, particularly considering the legislative history of the “burglarious tools” statute and the Supreme Court’s analysis of Code § 18.2-94’s predecessor, Code § 18-159, in Burnette.
In my view, this Court, in Mercer v. Commonwealth, 29 Va.App. 380, 512 S.E.2d 173 (1999), erroneously began a journey away from the established construction of the “burglarious tools” statute, finding that an altered pair of pants, used to facilitate shoplifting, was a “larcenous outfit.” While I concur in the judgment of the majority overruling Mercer “to the extent that it defines ‘outfit’ [under Code § 18.2-94] as ‘wearing apparel,’ ” in my view, the majority errs in not overruling our holding in Mercer in its entirety.
Accordingly, while I concur in the judgment of the majority in concluding that appellant’s purposefully emptied purse, used to conceal merchandise which she had stolen, was not a “tool” within the meaning of Code § 18.2-94, I am unable to join in its rationale, which in my view unnecessarily expands those items made criminal by Code § 18.2-94 to include items not “suitable and appropriate to accomplish the destruction of any ordinary hindrance of access to any building, or to a vault or safe.” Burnette, 194 Va. at 790, 75 S.E.2d at 486. If the General Assembly had desired to expand the statutory definition of “any tool[ ], implement ] or outfit” beyond that which, in my view, is compelled by the existing statute, it clearly could have done so.