COURT OF APPEALS OF VIRGINIA

Present:  Judges Humphreys, Clements and Senior Judge Coleman
Argued at Richmond, Virginia


RALPH HAGY, A/K/A
 RONALD GENE HAGY
                                         OPINION BY
v.    Record No. 0859-00-2      JUDGE SAM W. COLEMAN III
                                      MARCH 27, 2001
COMMONWEALTH OF VIRGINIA

          FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
                David F. Berry, Judge Designate

          Robert P. Dwoskin for appellant.

          Richard B. Smith, Senior Assistant Attorney
          General (Mark L. Earley, Attorney General, on
          brief), for appellee.


     Ralph Hagy was convicted in a bench trial of possession of

burglarious tools, in violation of Code § 18.2-94.  On appeal,

Hagy argues the evidence is insufficient to support his

conviction.  We disagree and affirm the conviction.

                         BACKGROUND

     Albemarle County Police Detective Donald Allen Byers was

working as a part-time security guard at a shopping center.  The

shopping center maintained a coin machine at which the public

could exchange coins for currency.  On three separate occasions

during one month, Byers observed William Hagy bring a total of

over $200 in loose coins to the machine for exchange.  On one

occasion, William Hagy carried the coins in a Kroger grocery bag.

On another occasion, he carried the coins in a baseball cap.  On

each occasion, Byers observed the vehicle in which William Hagy was traveling and noted the license plate number. After learning that vending machines had been recently broken into in the neighborhood, Byers notified the police that he had observed William Hagy exchanging coins and advised them of the make, model, and license number of the vehicle in which William Hagy was traveling. The police determined that the car was registered to Margaret Hagy.

Days later, while on patrol, Police Officer Timothy Seitz observed Margaret Hagy's vehicle. Aware that arrest warrants were outstanding for Margaret Hagy, Seitz stopped the vehicle and arrested her. Margaret Hagy was driving the car, William Hagy occupied the front passenger seat, and the defendant, Ralph Hagy, was in the rear passenger seat. Seitz searched the car incident to arresting Margaret Hagy and found a black bag on the floorboard of the rear seat which contained yellow rubber dishwashing gloves, a package of sandwich baggies, a can of Lysol, a bungee cord, and a Kroger grocery bag. William Hagy acknowledged ownership of the black bag. Seitz also found a black leather fanny pack on the rear seat next to the defendant, which contained a pair of black cotton work gloves and two screwdrivers. The defendant, Ralph Hagy, claimed ownership of this bag and stated that he used the tools and gloves to repair his chainsaw. Seitz also found in the glove box of the car a "slim jim," which is a tool designed and

used to open locked vehicles without a key.  In the rear cargo area of the vehicle, Seitz found a large crowbar, a smaller crowbar, and a set of pliers.  William Hagy told Seitz that he and Ralph Hagy used those tools in their construction business.  Finally, under the front passenger seat, Seitz found a pair of brown and tan work gloves and another screwdriver that had red paint marks on it, which Seitz testified was consistent with the paint color that would be found on a Coca-Cola vending machine.  No one acknowledged ownership of those items.  Another police officer found a key on Margaret Hagy's key ring that is the type used for opening vending machine locks.

ANALYSIS

"On review of a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the Commonwealth, the prevailing party, and grant to it all reasonable inferences fairly deducible therefrom."  Robertson v. Commonwealth, 31 Va. App. 814, 820, 525 S.E.2d 640, 643 (2000) (citing Commonwealth v. Jenkins, 255 Va. 516, 521, 499 S.E.2d 263, 265 (1998)).

Code § 18.2-94 provides that it is unlawful for:

> any person [to] have in his possession any tools, implements or outfit, with intent to commit burglary, robbery or larceny . . . . The possession of such burglarious tools, implements or outfit by any person other than a licensed dealer, shall be prima facie evidence of an intent to commit burglary, robbery or larceny.

The mere possession of burglarious tools is not a crime under the statute.  It is possession with intent to use them to commit a crime [that is criminal].  The tools or implements may be, and usually are, designed and manufactured for lawful purposes.  But it is unusual for a person, on a lawful mission, to have in his possession a combination of tools and implements suitable and appropriate to accomplish the destruction of any ordinary hindrance of access to any building . . . .  All the statute does is to create a presumption of a criminal intent from proof of possession of burglarious tools or implements.  Such a presumption is not conclusive; it cuts off no defense.  It interposes no obstacle to a contest of all of the issues of fact, and relieves neither the court nor the jury of the duty to determine all of the questions of fact from the weight of the whole evidence.  "It is merely a rule of evidence and not the determination of a fact."  When possession is proven, the burden of going forward with the evidence shifts to the defendant, but this does not shift the burden of ultimate proof . . . .

Burnette v. Commonwealth, 194 Va. 785, 790-91, 75 S.E.2d 482, 485-86 (1953) (citation omitted).

This presumption [of criminal intent], however, does not attach to all "tools, implements, or outfit[s]" embraced by the statute, but only to such offending articles innately burglarious in character, those "commonly used by burglars in house breaking and safe cracking," particularly "suitable and appropriate to accomplish the destruction of any ordinary hindrance of access to any building, . . . vault or safe."

Moss v. Commonwealth, 29 Va. App. 1, 4, 509 S.E.2d 510, 511 (1999) (citations omitted).

Here, the trial judge convicted the defendant based upon a finding that he constructively and jointly possessed all the tools found in the automobile. The trial judge further reasoned that when the nature and combination of the tools were considered, together with the surrounding circumstances, the facts supported the inference that the Hagys, including the defendant, possessed the tools intending to use them to break into and steal from vending machines. The trial judge stated, "Now without undertaking to distinguish one tool from another, but taking all of them together, when I put this array of tools up here, I have this observation: It's about as impressive an array of burglary tools as I've ever witnessed in 29 years. . . . Taken singly, they're absolutely innocent." The trial judge found that, based on the "array of tools" and the fact that William Hagy had recently been seen exchanging large sums of coins for currency on three separate occasions, the evidence was sufficient to prove that the tools were possessed for burglarious purposes and were possessed jointly by the occupants of the car for that purpose. Thus, the court concluded that the defendant, Ralph Hagy, jointly possessed the burglarious tools. We agree.

"'To support a conviction based upon constructive possession, "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or

- 5 -

circumstances which tend to show that the defendant was aware of both the presence and character of the [item] and that it was subject to his dominion and control."'" McGee v. Commonwealth, 4 Va. App. 317, 322, 357 S.E.2d 738, 740 (1987) (citations omitted). "Circumstantial evidence is sufficient to prove guilt beyond a reasonable doubt so long as 'all necessary circumstances proved . . . [are] consistent with guilt and inconsistent with innocence and must exclude every reasonable hypothesis of innocence.'" McNair v. Commonwealth, 31 Va. App. 76, 86, 521 S.E.2d 303, 308 (1999) (en banc) (quoting Bishop v. Commonwealth, 227 Va. 164, 169, 313 S.E.2d 390, 393 (1984)).

Here, the defendant admitted possession of the fanny pack, which contained two screwdrivers and a pair of work gloves. Further, William Hagy told Officer Seitz that the crowbars and pliers located in the cargo area were used by both the defendant and William Hagy in their employment. Although the defendant denied possession of the other tools found throughout the car, the fact finder did not have to accept his explanation that he did not own or possess the other tools. See Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998) (stating that "fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt"). The defendant's admitted ownership of some of the implements and William Hagy's

- 6 -

statement of ownership with the defendant of the two crowbars and pliers in the cargo area provided sufficient evidence for the fact finder to conclude that the defendant and William Hagy exercised joint dominion and control over those tools found throughout the car.  See Carter v. Commonwealth, 209 Va. 317, 323, 163 S.E.2d 589, 594 (1968) (stating that "exclusive possession includes joint possession by two or more persons"); Archer v. Commonwealth, 26 Va. App. 1, 13, 492 S.E.2d 826, 832 (1997) (holding that evidence was sufficient to prove defendant constructively possessed the gun where, although defendant denied ownership of the gun, it was found near a knife of which defendant claimed ownership and where defendant was aware of the presence of the gun); Josephs v. Commonwealth, 10 Va. App. 87, 101-02, 390 S.E.2d 491, 498-99 (1990) (en banc) (holding that defendant, who was a passenger in a car, had joint constructive possession of drugs found next to the defendant's luggage in truck of car even where she disclaimed ownership of the drugs); Castaneda v. Commonwealth, 7 Va. App. 574, 583-84, 376 S.E.2d 82, 87 (1989) (en banc) (stating that occupancy of a vehicle and proximity to drugs are factors to be considered in determining whether defendant constructively possessed drugs).  Thus, the evidence is sufficient to prove that the defendant jointly possessed the various tools found throughout the car.

The remaining question is whether the evidence supports a finding that the defendant possessed burglarious tools with the intent to commit burglary, robbery, or larceny, as required by Code § 18.2-94.  If the tools are found to be implements possessed for the purpose of committing burglaries or larcenies, even though the tools are also the type that can be used for a legitimate purpose, the statute creates a prima facie case or rebuttable presumption that the person possesses the tools with the intent to commit a burglary, robbery, or larceny.  Burnette, 194 Va. at 790-91, 75 S.E.2d at 485-86.  The burden of proof to establish that the tools are possessed with the intent to steal always remains with the Commonwealth; however, once a prima facie case has been established giving rise to a rebuttable presumption that the tools are possessed with the intent to commit a burglary, robbery, or larceny, the burden of going forward with the evidence explaining the purpose of the possession shifts to the defendant.  Id. at 790-91, 75 S.E.2d at 486; see also Nance v. Commonwealth, 203 Va. 428, 432, 124 S.E.2d 900, 903-04 (1962).  The intent required under the statute need not be an intent to steal a particular item or to break into a particular structure at the time, but need only be a generalized intent to use the tools to commit a burglary, robbery, or larceny wherever and whenever the opportunity may

present itself.  See State v. MacDonald, 523 A.2d 35, 37-38 (N.H. 1986).

Here, all the tools -- consisting of various size crowbars, screwdrivers, and pliers -- are of the type that can be used in the construction trade.  Although William Hagy stated that he and the defendant used the tools in their construction trade, noticeably absent from the "array" of tools found in the vehicle were other types of tools that would be necessary and expected in any construction trade -- tools such as hammers, saws, wrenches, drills, levels, tape measures, squares, and tool belts or aprons.  Significantly, all the tools found in the vehicle were prying implements or tools that could be used to forcibly open vending machines or other structures.  As such, the combination of tools are the type commonly used by burglars; the array of tools is innately burglarious.  See Bishop v. Commonwealth, 227 Va. 164, 169, 313 S.E.2d 390, 393 (1984) (stating that, in order to be sufficient, circumstantial evidence must be "consistent with guilt and inconsistent with innocence and must exclude every reasonable hypothesis of innocence").

The Commonwealth established that the combination of tools was innately burglarious and such proof gave rise to a rebuttable presumption that Ralph Hagy and his co-occupants of the car possessed the tools with the intent to use them to

- 9 -

commit a burglary, robbery, or larceny. Such presumption was not rebutted or adequately explained. In addition, the evidence showed that William Hagy had been seen on three separate occasions exchanging large amounts of coins for currency after vending machines in the vicinity had been vandalized. Also, Margaret Hagy had on her key chain a key used to enter vending machines. One of the screwdrivers in the car was found to have red paint on it that was of the same color that is on Coca-Cola vending machines. See Poole v. State, 505 So.2d 1065, 1066-67 (Ala. Crim. App. 1986) (evidence sufficient to prove possession of burglarious tool where big wrench "appeared to have paint scratches matching the paint on the back door" of the burgled building). A "slim jim," a device that is used to gain entry into locked cars without keys and that is commonly known to gain illegal entry into vehicles, was found in the glove box. These additional suspicious circumstances, when considered with the number and character of the tools in the vehicle and the lack of other types of construction tools in the car, support the conclusion that the tools were burglarious and were possessed with the intent to commit larceny.

Accordingly, the evidence is sufficient to support the conviction for possession of burglarious tools.

Affirmed.