McCLANAHAN, J.,
concurring.
I concur with the result but cannot join in the majority’s analysis. I believe the legislative history of Code § 18.2-94[6] and Burnette v. Commonwealth, 194 Va. 785, 75 S.E.2d 482 (1953), mandate a more narrow holding in this case. This history and the Supreme Court’s construction of Code § 18.2-94’s predecessor clearly limit the proscription of this statute to the unlawful possession of burglarious tools, implements or outfit. Thus, I do not agree that the statute can be read to include “larcenous implements,” i.e., non-burglarious implements, as the majority holds.
When the predecessor to Code § 18.2-94 was first adopted in 1878, the last two sentences of the statute provided as follows:
“If any person have in his possession any tools, implements, or other outfit known as burglars’ tools, implements, or outfit, with intent to commit burglary, robbery, or larceny, he shall be deemed guilty of a felony [and imprisoned not less than 5 years nor more than 18 years]. The possession of such burglarious tools, implements or outfit, shall be prima facie evidence of an intent to commit burglary, robbery, or larceny.”
Burnette, 194 Va. at 787-88, 75 S.E.2d at 484 (quoting Va. Acts 1877-78, p. 288) (emphasis omitted). The statute also included the punishment for common law burglary and the definition of the same. Id. The statute was subsequently *349 incorporated in the Code of 1887 without change. Id. at 788, 75 S.E.2d at 484.
In 1919, the statute was revised by transposing the sentences setting forth the punishment for and definition of common law burglary, and omitting the phrase, “known as burglars’ tools, implements, or outfit,” in the next to the last sentence of the statute. Id. at 788, 75 S.E.2d at 484. The Code revisors’ note explained, however, that “ ‘no material change’ ” to the statute [had] been intended by those revisions. Id. (quoting 1919 Code Revisors’ Note to Code § 4437). The Supreme Court also reasoned in Burnette that no change had been effected by the deletion of that phrase “since the word ‘burglarious’ used in the last sentence adequately expressed the idea.”[7] Id. With those revisions, the General Assembly has not changed the last two sentences of the statute since 1919, except for making the crime a Class 5 felony, and codifying it separately from common law burglary.[8]
*350 Based on this statutory history, and the Virginia Supreme Court’s construction of the statute in Burnette, I conclude, and would therefore hold, that the elements of the statutory crime proscribed in Code § 18.2-94 consist of the following: (1) possession of burglarious tools, implement or outfit, and (2) an intent to commit burglary, robbery or larceny therewith. See Burnette, 194 Va. at 792, 75 S.E.2d at 487 (reciting elements of crime where defendant charged with possession of burglarious tools); see also 1-12 Virginia Model Jury Instructions-Criminal Instruction No. P12.400 (This instruction for a crime charged under Code § 18.2-94 begins: “The defendant is charged with the crime of possession of burglarious [tools; implements; outfit] with intent to commit [burglary; robbery; larceny].”).[9]
In this case, the record makes clear appellant possessed a plastic shopping bag he intended to use in the commission of a crime. There is simply no evidence, however, that appellant possessed the bag as a burglarious tool, implement or outfit, when he entered the sporting goods store, located in a shopping mall and open to the general public, and therein committed petit larceny by stealing a pair of shoes, which he concealed in the plastic bag.[10] This is not to say, however, that a *351 plastic bag could never be a burglarious tool, implement or outfit. Therefore, I disagree with the majority’s overly broad holding that “a plastic bag is not an ‘implement’ as contemplated by Code § 18.2-94.”
I concur in reversing appellant’s conviction under Code § 18.2-94, but on the more narrow basis that the facts in this case do not support a finding that the plastic bag in appellant’s possession was a burglarious tool, implement or outfit.

. Code § 18.2-94 provides in its entirety:
If any person have in his possession any tools, implements or outfit, with intent to commit burglary, robbery or larceny, upon conviction thereof he shall be guilty of a Class 5 felony. The possession of such burglarious tools, implements or outfit by any person other than a licensed dealer, shall be prima facie evidence of an intent to commit burglary, robbery or larceny.

. Burnette involved a constitutional challenge to the statute. The defendant argued that because the word “such” in the last sentence referred to the tools, implements or outfit in the preceding sentence, the statute was overbroad in that it made the "mere possession of common, ordinary tools of a trade or calling, by one other than a licensed dealer, prima facie evidence of intent to commit a crime.” Burnette, 194 Va. at 787, 75 S.E.2d at 484. Rejecting this argument, the Supreme Court explained that the presumption only applied when "the tools found in the possession of persons charged with violating the statute are in fact such tools as are commonly used in breaking and entering." Id. at 788, 75 S.E.2d at 484 (emphasis added). In other words, the presumption attaches "only to such offending articles innately burglarious in character.” Hagy v. Commonwealth, 35 Va.App. 152, 158, 543 S.E.2d 614, 616 (200l) (citation omitted) (emphasis added). In all other cases, when those are not the facts, the presumption cannot be invoked by the Commonwealth in proving intent to use the burglarious item(s) to commit the crime. Burnette, 194 Va. at 790, 75 S.E.2d at 485-86. Compare id. at 791-92, 75 S.E.2d at 486-87 (presumption supporting conviction where defendant was in possession of combination of tools commonly used in commission of burglaries); Nance v. Commonwealth, 203 Va. 428, 430-31, 124 S.E.2d 900, 902-03 (1962) (same); and Hagy, 35 Va.App. at 156-58, 543 S.E.2d at 616-17 (same); with Carter v. Commonwealth, 223 Va. 528, 532, 290 S.E.2d 865, 867 (1982) (screwdriver that "could be used in a break-in” was only tool in defendant’s possession, and conviction was without benefit of presumption).

. In the Code of 1950, the statute as it appeared in 1919 was codified at Code § 18-159. Then in 1960, the statute was amended and recodified, *350 with common law burglary set forth under Code § 18.1-86 (now Code § 18.2-89), and the "Possession of burglarious tools, etc.” provisions set forth under Code § 18.1-87 (now Code § 18.2-94).

. Accordingly, I must also disagree with those parts of both Mercer v. Commonwealth, 29 Va.App. 380, 512 S.E.2d 173 (1999), and Moss v. Commonwealth, 29 Va.App. 1, 509 S.E.2d 510 (1999), cited by the majority, in which two panels of this Court have construed Code § 18.2-94 as applicable to the possession of non-burglarious tools, implements or outfits. As with the majority, I disagree with their reading of the relevant statutory history and Burnette, which is controlling.

. I also note that Code § 18.2-94, entitled "Possession of burglarious tools, etc.,” is codified under Chapter 5, Article 2 (Code §§ 18.2-89 through 18.2-94) of Title 18.2 addressing "Burglary and Related Offenses,” whereas the general larceny statutes are set forth in Chapter 5, Article 3 ("Larceny and Receiving Stolen Goods”). See Hawkins v. Commonwealth, 255 Va. 261, 269, 497 S.E.2d 839, 842 (1998) ("A title may be read in an attempt to ascertain an act’s purpose, though it is no *351 part of the act itself.” (citing Miller v. Commonwealth, 180 Va. 36, 41, 21 S.E.2d 721, 723 (1942))); Bell v. Commonwealth, 21 Va.App. 693, 701, 467 S.E.2d 289, 293 (1996) (“While not part of the code section, in the strictest sense, the caption may be considered in construing the statute, as it is Valuable and indicative of legislative intent.’ ” (quoting Krummert v. Commonwealth, 186 Va. 581, 584, 43 S.E.2d 831, 832 (1947))).