COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Felton, Judges Frank and Huff
Argued at Alexandria, Virginia

UNPUBLISHED

DRE MARTINA ROBERTS

v.      Record No. 1575-13-4

COUNTY OF LOUDOUN

MEMORANDUM OPINION[*] BY
CHIEF JUDGE WALTER S. FELTON, JR.
JUNE 24, 2014

FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
Benjamin N.A. Kendrick, Judge Designate

Bonnie H. Hoffman, Deputy Public Defender (Maryam Borjian,
Third Year Law Student; Office of the Public Defender, on briefs),
for appellant.

Sean P. Morgan, Assistant Commonwealth's Attorney (Amy M.
McMullen, Assistant Commonwealth's Attorney, on brief), for
appellee.

Dre Martina Roberts ("appellant") appeals the judgment of the Loudoun County Circuit

Court ("trial court") that appellant hindered a deputy sheriff in the performance of his duties, in

violation of Loudoun County Ordinance 654.09 ("Ordinance 654.09"). She asserts that the trial

court erred by finding that the evidence was sufficient to prove that she hindered a deputy sheriff in

his investigation of a domestic assault complaint.

I.  BACKGROUND

"'Under well-settled principles of appellate review, we consider the evidence presented at

trial in the light most favorable to [Loudoun County], the prevailing party below.'" Smallwood

v. Commonwealth, 278 Va. 625, 629, 688 S.E.2d 154, 156 (2009) (quoting Bolden v.

Commonwealth, 275 Va. 144, 148, 654 S.E.2d 584, 586 (2008)).

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On February 8, 2013, three deputies of the Loudoun County Sheriff's Office responded to appellant's residence to investigate a complaint of domestic assault.[1] Deputy Van Brocklin entered the residence and encountered appellant, her father, and her boyfriend. He separated the parties and spoke privately with appellant's father in the kitchen.[2] After speaking with appellant's father, Deputy Van Brocklin spoke with appellant. He asked appellant for her state-issued identification card. Appellant responded, "Fuck you. Get out of my house." Deputy Van Brocklin repeated his request for appellant's state-issued identification card. Appellant replied that she would not give Deputy Van Brocklin proof of her identification. She ignored his subsequent requests for her identification card and refused to "acknowledge anything that [Deputy Van Brocklin]" said.

Based on his conversation with appellant's father, Deputy Van Brocklin determined "that a domestic assault occurred" among the parties present in the home; however, he was unable to determine which party was "the predominant physical aggressor." Accordingly, he was unable to place any party under arrest for committing domestic assault. See Code § 19.2-81.3(B) ("A law-enforcement officer having probable cause to believe that a violation of [Code] § 18.2-57.2[, assault and battery against a family or household member,] . . . has occurred shall arrest and take into custody the person he has probable cause to believe, based on the totality of the circumstances, was the predominant physical aggressor . . . ."). Deputy Van Brocklin advised appellant to remain separate and apart from her father for the rest of the evening "[s]o [the parties] wouldn't start arguing or get into another altercation to where the sheriff's office would need to be called again to come mediate the situation." Deputy Van Brocklin asked appellant if she understood his instructions. Appellant "look[ed] away from [him] and didn't even acknowledge what [he] said."

---

[1] Appellant's father had placed a call to law enforcement to report that a domestic assault had occurred.

[2] At Deputy Van Brocklin's request, appellant's father provided his state-issued identification card to him.

He asked appellant again, "Do you understand what I'm asking you to do?" Again, appellant refused to acknowledge Deputy Van Brocklin or respond to his question. Deputy Van Brocklin asked appellant a third time whether she understood his instructions, and she nodded once in response. Deputy Van Brocklin did "[n]ot necessarily" "have a clear understanding of what [appellant's gesture] meant." He asked appellant a final time whether she understood his instructions, adding that he needed "a yes or no answer" from her. Appellant responded, "Yes or no answer." Deputy Van Brocklin subsequently arrested appellant for hindering him in the performance of his duties, in violation of Ordinance 654.09.

Appellant testified on her behalf at trial. She told the trial court that she was "not going to just tell [Deputy Van Brocklin] [her] information . . . because he wasn't going to believe what [she] said." She told the court that Deputy Van Brocklin "didn't allow [her] to go and actually look for [her] [identification card]." She testified that she was "annoyed" with Deputy Van Brocklin because of his "tone." She admitted that she did not respond when Deputy Van Brocklin asked her if she understood his instructions to remain separate from her father. She admitted that, when Deputy Van Brocklin asked her for the fourth time whether she understood his instructions, she replied, "[Y]es or no answer."

In finding appellant guilty of hindering Deputy Van Brocklin in the performance of his duties, in violation of Ordinance 654.09, the trial court stated:

> The defendant admits that she was annoyed. She was annoyed because, as she says, she didn't like Officer Van Brocklin's attitude.
> . . . . The evidence is in conflict. You listen to Miss [Roberts] as opposed to Officer Van Brocklin, they're two different stories. And I agree with you, it's resolved on the credibility of witnesses and I think the more credible of the witnesses is Officer Van Brocklin and Miss [Roberts'] testimony just doesn't add up based on what I've heard so far. . . .
> When you are required to investigate a domestic dispute, identification is crucial. Refusing to answer the questions, refusing

to identify yourself and telling somebody to F-U, get out of my house with an attitude is clearly hindering that investigation.

## II. ANALYSIS

Appellant asserts the trial court erred by finding the evidence sufficient to convict her of hindering Deputy Van Brocklin in the performance of his duties, in violation of Ordinance 654.09.

In our review of a challenge to a criminal conviction, "'[w]here the issue is whether the evidence is sufficient, we view the evidence in the light most favorable to the [County], granting to it all reasonable inferences fairly deducible therefrom.'" Baylor v. Commonwealth, 55 Va. App. 82, 84, 683 S.E.2d 843, 844 (2009) (quoting Sandoval v. Commonwealth, 20 Va. App. 133, 135, 455 S.E.2d 730, 731 (1995)). "'[T]he Court will affirm the judgment unless the judgment is plainly wrong or without evidence to support it.'" Smallwood, 278 Va. at 629, 688 S.E.2d at 156 (quoting Bolden, 275 Va. at 148, 654 S.E.2d at 586). To the extent that our analysis requires us to interpret the term "hinder," we review Ordinance 654.09 *de novo* and apply the plain language of the statute unless it leads to an ambiguous or absurd result. Calloway v. Commonwealth, 62 Va. App. 253, 261, 746 S.E.2d 72, 76 (2013).

Ordinance 654.09 makes it unlawful for any person to hinder a deputy sheriff in the performance or discharge of his or her duties.[3] Appellant correctly asserts that Ordinance 654.09 does not define the term "hinder." She asserts that, by applying the maxim *noscitur a sociis*, the term "hinder" as it is used in Ordinance 654.09 must be assigned a meaning synonymous with the definitions of "obstruct" and "resist."[4] She contends that this Court's construction of "obstruction" as it is used in Code § 18.2-460(A) is instructive. See Code § 18.2-460(A) (it shall

---

[3] Ordinance 654.09 provides, in pertinent part, "No person shall resist, hinder or obstruct any Deputy Sheriff . . . in the performance or discharge of any of his or her duties."

[4] "The maxim of *noscitur a sociis* provides that the meaning of doubtful words in a statute may be determined by reference to their association with related words and phrases." Andrews v. Ring, 266 Va. 311, 319, 585 S.E.2d 780, 784 (2003).

- 4 -

be unlawful for "any person without just cause [to] knowingly obstruct[] . . . any law-enforcement officer . . . in the performance of his duties"); Ruckman v. Commonwealth, 28 Va. App. 428, 429, 505 S.E.2d 388, 389 (1998) ("Obstruction of justice [under Code § 18.2-460(A)] does not occur when a person fails to cooperate fully with an officer or when the person's conduct merely renders the officer's task more difficult but does not impede or prevent the officer from performing that task."). Loudoun County contends that well-settled rules of statutory construction contradict appellant's assertion that "hindering" as it is used in Ordinance 654.09 must be construed synonymously with "obstruction." It contends that the evidence presented at trial was sufficient to convict appellant of hindering Deputy Van Brocklin in the performance of his duties.

"A primary rule of statutory construction is that courts must look first to the language of the statute. If a statute is clear and unambiguous, a court will give the statute its plain meaning." Loudoun County Dep't of Social Servs. v. Etzold, 245 Va. 80, 85, 425 S.E.2d 800, 802 (1993).

"Hinder" is ordinarily defined as "to make slow or difficult the course or progress of: retard, hamper." Webster's Third New Int'l Dictionary 1070 (2002). Appellant asserts the Court must apply the maxim *noscitur a sociis* so as to render "hinder," as it is used in Ordinance 654.09, synonymous with "obstruct." See, e.g., Ruckman, 28 Va. App. at 429, 505 S.E.2d at 389-90 (obstruction of justice occurs when an accused prevents a law enforcement officer from performing his or her duties, not merely when an accused renders an officer's task more difficult to accomplish).

We disagree with appellant's contention that we must construe "hinder," as it is used in Ordinance 654.09, as synonymous with "obstruct." Not only would such a reading of Ordinance 654.09 effectively render the separately enumerated offense of "hinder" superfluous, Epps v. Commonwealth, 59 Va. App. 71, 80, 717 S.E.2d 151, 155 (2011), it would represent an

- 5 -

unwarranted expansion of the maxim *noscitur a sociis*, on which appellant relies. The maxim *noscitur a sociis* simply provides that "'a word is known by the company it keeps.'" S. D. Warren Co. v. Maine Bd. of Envtl. Prot., 547 U.S. 370, 378 (2006) (quoting Gustafson v. Alloyd Co., 513 U.S. 561, 575 (1995)). "It 'provides that the meaning of a word takes color and expression from the purport of the entire phrase of which it is a part, and it must be read in harmony with its context.'" Edwards v. Commonwealth, 53 Va. App. 402, 411, 672 S.E.2d 894, 898 (2009) (*en banc*) (quoting Turner v. Commonwealth, 226 Va. 456, 460, 309 S.E.2d 337, 339 (1983)). It does not provide that words grouped together in a statute or ordinance must be construed *identically*. See, e.g., Williams v. Commonwealth, 50 Va. App. 337, 343, 649 S.E.2d 717, 720 (2007) (the terms "tools, implements, and outfits," grouped together under Code § 18.2-94, "[c]learly . . . have somewhat *different* but overlapping meanings" (emphasis added)).

In Edwards, the question presented was whether an empty purse brought into a store to conceal stolen items was a burglarious "outfit" under Code § 18.2-94. Edwards, 53 Va. App. at 403, 672 S.E.2d at 894. Code § 18.2-94 criminalized the possession of "any tools, implements or outfit[s]" with the intent to commit burglary. The Commonwealth asserted that appellant's purse was an "outfit" under Code § 18.2-94 in that it was "wearing apparel" that appellant possessed for the purpose of committing burglary. Id. at 410, 672 S.E.2d at 898. In rejecting the Commonwealth's assertion, the Court held that "[t]hat broad definition of outfit would lead precisely to the 'absurd result[]' . . . that any and every item of apparel used to accomplish the element of concealment from public view, such as a coat or a pocket, would also constitute a 'larcenous outfit.'" Id. The Court held that such a broad definition of "outfit" was inconsistent with the doctrine of *noscitur a sociis*: "To define 'outfit' as wearing apparel would be to distinguish it from 'the company it keeps,'" that is, tools and implements, under Code § 18.2-94. Id. at 411, 672 S.E.2d at 898 (quoting S.D. Warren Co., 547 U.S. at 378).

Here, we find no support for appellant's proposition that assigning "hinder" its plain and ordinary meaning would lead to inconsistent or "absurd results" in the application of Ordinance 654.09. Id. at 410, 672 S.E.2d at 898. Ordinance 654.09 criminalizes an accused's interference with the performance of a deputy sheriff's duties, and enumerates three "different but overlapping" offenses—that is, hindering, resisting, and obstructing—that constitute a violation of the ordinance. Williams, 50 Va. App. at 343, 649 S.E.2d at 720. We interpret nothing in the ordinary meaning of "hinder" to be inconsistent with or contrary to the other enumerated offenses of "obstruct" and "resist" under Ordinance 654.09. Accordingly, we reject appellant's contention that "hinder" and "obstruct" must be construed synonymously. We apply the plain and ordinary meaning of "hinder" to our analysis of whether the evidence was sufficient to convict appellant of hindering Deputy Van Brocklin in the performance of his duties, in violation of Ordinance 654.09.[5] See generally Woolfolk v. Commonwealth, 18 Va. App. 840, 847, 447 S.E.2d 530, 534 (1994) ("Generally, the words and phrases used in a statute should be given their ordinary and usually accepted meaning unless a different intention is fairly manifest."); Meeks v. Commonwealth, 274 Va. 798, 802, 651 S.E.2d 637, 639 (2007) ("Thus, '[a]n undefined term must be given its ordinary meaning, given the context in which it is used.'" (quoting Sansom v. Bd. of Supervisors, 257 Va. 589, 594-95, 514 S.E.2d 345, 349 (1999))).

---

[5] Other jurisdictions considering similar issues have reached comparable results. See, e.g., State v. Estes, 117 S.E. 581, 583 (N.C. 1923) (in construing the phrase, "interfere with or obstruct," the court tacitly noted that "hinder" and "obstruct" have similar but distinct meanings, holding that "'interfere' is to check or hamper the action of the officer, or to do something which hinders or prevents or tends to prevent the performance of his legal duty; and to 'obstruct' signifies direct or indirect opposition or resistance to the lawful discharge of his official duty"); State v. Smith, 312 P.3d 552, 555 (Or. Ct. App. 2013) (in construing the phrase "prevents or hinders another person from making a report," the court held that "the legislature's decision to use both terms suggests that it intended the statute to cover two different effects—stopping a report completely and hampering a report"); State v. Davis, 735 S.E.2d 570, 573 (W. Va. 2012) (citing Estes, 117 S.E. 581, with approval).

The trial court found that appellant hindered Deputy Van Brocklin's investigation of a domestic assault complaint by engaging in a continuing course of conduct that included: ordering him to leave the home, refusing to provide her state-issued identification to him, and providing nonresponsive answers or refusing to acknowledge his inquiries. The trial court stated, "When you are required to investigate a domestic dispute, identification is crucial. Refusing to answer the questions, refusing to identify yourself, and telling somebody F-U, get out of my house with an attitude is clearly hindering that investigation." The trial court credited Deputy Van Brocklin's testimony that appellant told him to get out of her house, that she refused to provide her state-issued identification, and that she provided nonresponsive answers to his repeated requests for information. The trial court discounted appellant's testimony that Deputy Van Brocklin would not permit her to obtain her state-issued identification from another room.

Viewed in the light most favorable to Loudoun County, the evidence showed that appellant's insistence that Deputy Van Brocklin leave her home, and her refusal to cooperate with, and to respond to, Deputy Van Brocklin's inquiries and requests for information, interfered with his investigation of the domestic assault complaint that had prompted three officers to respond to the home. The evidence further showed that appellant's refusal to provide any assurance that she would remain separate and apart from her father for the remainder of the evening significantly hampered Deputy Van Brocklin's ability to discharge his duties as a law enforcement officer, including his general duty as a law enforcement officer to "prevent[] . . . crime," "safeguard . . . life and property," and "preserv[e] [the] peace," pursuant to Code § 15.2-1704(A).[6] Accordingly, we

---

[6] The Ohio Court of Appeals reached a similar conclusion under analogous circumstances. See State v. Brickner-Latham, 2006-Ohio-609, at ¶ 28 ("Therefore, we find that Brickner-Latham's walking away from Officer O'Connor was an affirmative act that hindered or impeded Officer O'Connor in the performance of his official duties. Further, Brickner-Latham's persistence in disregarding Officer O'Connor's requests to stop was sufficient evidence for a rational trier of fact to conclude that Brickner-Latham acted with the specific intent to prevent, obstruct, or delay Officer O'Connor's lawful duties.").

conclude from the record on appeal that the trial court did not err by finding that appellant hindered Deputy Van Brocklin in the performance of his duties, in violation of Ordinance 654.09.

## III.  CONCLUSION

For the foregoing reasons, we affirm appellant's conviction of hindering Deputy Van Brocklin in the performance or discharge of his duties, in violation of Ordinance 654.09.

<u>Affirmed.</u>