COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Chief Judge Huff, Judges Decker and AtLee
Argued at Chesapeake, Virginia


JOEL KENNETH SIMMONS

                                                 MEMORANDUM OPINION* BY
v.        Record No. 2352-14-1              JUDGE MARLA GRAFF DECKER
                                                     DECEMBER15, 2015

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
Bruce H. Kushner, Judge Designate

Rachel E. Wentworth, Assistant Public Defender (Dalton L. Glass,
Assistant Public Defender, on brief), for appellant.

Kathleen B. Martin, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Joel Kenneth Simmons appeals his conviction, in a bench trial, for possession of

burglarious tools, in violation of Code § 18.2-94.  He argues that the evidence was insufficient to

prove that he possessed a hobby knife with the intent to use it to commit burglary, robbery, or

larceny.  The record, viewed under the appropriate legal standard, supports the conclusion that

the appellant possessed the knife with the requisite intent.  Therefore, we affirm the judgment of

the trial court.

I.  BACKGROUND

On March 18, 2014, the appellant was inside a retail store when loss prevention personnel

contacted the police about the theft of store property.  When Officer Christopher Conaway of the

Chesapeake Police Department arrived, he found the appellant outside the store itself but inside

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

the shopping mall where the store was located. The appellant was by a machine where individuals can sell electronics. He smelled strongly of alcohol and had glassy, bloodshot eyes.

Conaway arrested the appellant for public intoxication and took him into custody. During a search of the appellant's person, the officer found a knife in the appellant's sleeve. The knife was hidden effectively enough that Conaway did not find it until a second search, when he had to "fish it out." The officer identified the item as an "X-ACTO knife," which he described as a "hobby knife" similar to "a scalpel or a hunting knife." A plastic sheath covered the blade. The appellant claimed that he had found the knife "on the ground" and put it in his pocket. When the officer informed him that the knife was not in his pocket, the appellant did not "have a response."

Inside the appellant's backpack, Officer Conaway found several items taken from the store. These items included eleven shirts, a pair of shorts, a speaker, a personal massager, and a mask. Tags were still affixed to the items, and the mask had a store sensor on it. Conaway testified that to his knowledge none of the items showed signs of tampering.

The appellant pled guilty to three charges of petit larceny but contested the charge for possession of burglarious tools. At trial, the appellant testified that he found the knife and picked it up after he had taken the items from the store. He stated that the knife was in the mall "on the ground . . . next to the little gadgets." The appellant explained that he had thought that he put the knife in his pocket and remembered that he had put it in his sleeve only after Conaway informed him where the officer found it. He testified that he had placed the knife there in order to avoid breaking it or sitting on it. According to the appellant, he was worried that he would "puncture" himself if he sat with it in his pocket. The appellant admitted that he had consumed "one too many drinks."

The appellant made a motion to strike the evidence. He argued that the knife was not "an obvious burglarious tool" and that the Commonwealth had not proved that he possessed it with the intention of using it to commit larceny. The trial court denied the motion. It noted that the appellant had the knife up his sleeve the same day he committed three larcenies and gave "no logical reason" for it to be there.

The court found the appellant guilty and sentenced him to two years of incarceration, with all time suspended.[1]

## II. ANALYSIS

The appellant argues that the evidence was insufficient to prove that he possessed burglarious tools in violation of Code § 18.2-94. Specifically, he contends that the evidence did not establish that he possessed the knife with the intent to commit burglary, robbery, or larceny. The appellant in part argues that if he had intended to use the knife in commission of the larcenies, there would be evidence that he had used the knife to remove security tags or sensors from the items.

On review of the sufficiency of the evidence to support a conviction, this Court will affirm the decision unless the trial court was plainly wrong or the conviction lacked evidence to support it. Carter v. Commonwealth, 223 Va. 528, 532, 290 S.E.2d 865, 867 (1982). "[W]e may not substitute our judgment" for that of the trier of fact. Austin v. Commonwealth, 60 Va. App. 60, 65-66, 723 S.E.2d 633, 636 (2012). "Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). "Since the fact finder had the opportunity of hearing and observing the

---

[1] The appellant does not challenge his related convictions and sentences for petit larceny.

- 3 -

witnesses, its findings are entitled to great weight." Carter, 223 Va. at 532, 290 S.E.2d at 867.

Further, the Court "discard[s] the evidence of the accused in conflict with that of the

Commonwealth." Wright v. Commonwealth, 196 Va. 132, 137, 82 S.E.2d 603, 606 (1954); see

Watkins v. Commonwealth, 26 Va. App. 335, 348, 494 S.E.2d 859, 866 (1998).

In addition, the Commonwealth need "exclude reasonable hypotheses of innocence that

flow from the evidence" but not theories of innocence "that spring from the imagination of the

defendant." Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993).

Whether a "hypothesis of innocence is reasonable is itself a 'question of fact.'" Burton v.

Commonwealth, 58 Va. App. 274, 285, 708 S.E.2d 444, 450 (2011) (quoting Clanton v.

Commonwealth, 53 Va. App. 561, 572, 673 S.E.2d 904, 910 (2009) (*en banc*)). Consequently,

the fact finder's "rejection of a hypothesis of innocence 'is binding on appeal unless plainly

wrong'—*even* if there is 'some evidence to support' the hypothesis." Ervin v. Commonwealth,

57 Va. App. 495, 519, 704 S.E.2d 135, 147 (2011) (*en banc*) (first quoting Archer v.

Commonwealth, 26 Va. App. 1, 12-13, 492 S.E.2d 826, 832 (1997); and then quoting

Commonwealth v. Hudson, 265 Va. 505, 513, 578 S.E.2d 781, 785 (2003)).

This Court reviews the challenge to the sufficiency of the evidence under these

well-established legal principles.

Code § 18.2-94 provides:

> If any person have in his possession any tools, implements
> or outfit, with intent to commit burglary, robbery or larceny, upon
> conviction thereof he shall be guilty of a Class 5 felony. The
> possession of such burglarious tools, implements or outfit by any
> person other than a licensed dealer, shall be prima facie evidence
> of an intent to commit burglary, robbery or larceny.

The statute "criminalizes the possession of *any* tool, implement or outfit with the requisite

intent." Edwards v. Commonwealth, 53 Va. App. 402, 408-09, 672 S.E.2d 894, 897 (2009) (*en

banc*). "The second sentence . . . recognizes that the burglarious nature of certain tools makes it

so unusual for a person to lawfully possess them, that mere possession of the tools is indicative of a criminal intent." Id. at 409, 672 S.E.2d at 897; see also Hagy v. Commonwealth, 35 Va. App. 152, 157, 543 S.E.2d 614, 616 (2001) (noting that "mere possession of burglarious tools" is not prohibited (quoting Burnette v. Commonwealth, 194 Va. 785, 790, 75 S.E.2d 482, 485 (1953)).

The Commonwealth acknowledges that the knife was not innately burglarious. Consequently, the question in this case is whether the circumstances were sufficient to prove that the appellant possessed the knife in order to perpetrate a burglary, robbery, or larceny.[2] If the accused possessed the tool with such intent, he or she need not have actually used it to commit a crime. See Watkins, 26 Va. App. at 349, 494 S.E.2d at 866. "The intent required . . . need only be a generalized intent to use the tool[] to commit a burglary, robbery, or larceny wherever and whenever the opportunity may present itself." Hagy, 35 Va. App. at 160, 543 S.E.2d at 618.

"[I]ntent is the purpose formed in a person's mind at the time an act is committed." Carter v. Commonwealth, 280 Va. 100, 105, 694 S.E.2d 590, 594 (2010) (quoting Commonwealth v. Taylor, 256 Va. 514, 519, 506 S.E.2d 312, 314 (1998)). A defendant's intent, due to its very nature, "may, and most often must, be proven by circumstantial evidence and the reasonable inferences to be drawn from proven facts." Austin, 60 Va. App. at 66, 723 S.E.2d at 636 (quoting Fleming v. Commonwealth, 13 Va. App. 349, 353, 412 S.E.2d 180, 183

---

[2] The appellant's reliance on Burnette, 194 Va. 785, 75 S.E.2d 482, is misplaced because in this case the item in question was not innately burglarious. The portion of the Burnette opinion discussing intent explains that possession of "burglarious" tools "commonly used in breaking and entering" provides *prima facie* evidence of the requisite intent. Id. at 788-91, 75 S.E.2d at 484-86. The sentence of the statute pertaining to intrinsically burglarious tools is not relevant to the issue of the sufficiency of the evidence to prove intent in a case such as this one. Moreover, the Supreme Court of Virginia reversed the conviction for possession of burglarious tools in Burnette because the evidence did not prove that the defendant was in possession and control of the tools in question. Id. at 793, 75 S.E.2d at 487. Here, neither possession nor control is at issue.

(1991)). Circumstantial evidence is as competent as direct evidence and "is entitled to as much weight." Finney v. Commonwealth, 277 Va. 83, 89, 671 S.E.2d 169, 173 (2009) (quoting Dowden v. Commonwealth, 260 Va. 459, 468, 536 S.E.2d 437, 441 (2000)).

The appellant urges this Court to reject the trial court's conclusion and adopt the inference that he had the knife in his sleeve for some innocent purpose. He relies on his own testimony that he found the knife after committing the larcenies to support this suggestion. However, the trial court found this testimony incredible, and the record contains no legal basis for disturbing that finding. The law makes clear that the trial court "need not believe the accused's explanation." Carter, 223 Va. at 532, 290 S.E.2d at 867 (quoting Black v. Commonwealth, 222 Va. 838, 842, 284 S.E.2d 608, 610 (1981)). Moreover, "[w]here the trier of fact finds a defendant's testimony to be incredible, it is entitled to infer that the defendant lied to conceal his guilt." Watkins, 26 Va. App. at 349, 494 S.E.2d at 866.

Based on the facts in the record, the trial court's conclusion that the appellant put the knife in his sleeve with the intent to use it for a burglary, robbery, or larceny was not plainly wrong. See Taylor v. Commonwealth, 61 Va. App. 13, 31, 733 S.E.2d 129, 138 (2012) (affirming the fact finder's rejection of a hypothesis of innocence). The appellant was stopped and arrested while he was still in the shopping mall after having recently committed several larcenies there. Officer Conaway found the knife in the appellant's possession as well as several stolen items. The knife was in the appellant's sleeve, a place both concealed and relatively accessible to him. The appellant initially told the officer that he found the knife and put it in his pocket after committing the larcenies, but later said he placed it in his sleeve for safe-keeping. His explanation that he did not carry it in his pocket in part because he was worried he would sit on it and "puncture [him]self" was contradicted by the fact that the blade was covered with a sheath. The trial court rejected the appellant's explanation, and the rejection of a deceptive

statement gives rise to the inference that the accused lied to conceal his guilt. The only reasonable inference flowing from this rejection, combined with the suspicious placement of the knife in his own sleeve and the timing of the possession of the knife in conjunction with shoplifting, is that the appellant possessed it with the intent to use it in furtherance of the larcenies that he had just committed. For these reasons, the evidence was sufficient to convict the appellant of possession of a burglarious tool.

### III. CONCLUSION

Viewing the record in the light most favorable to the Commonwealth, the evidence was sufficient to support the trial court's conclusion that the appellant had the knife with the intent to use it in furtherance of a larceny, robbery, or burglary. Consequently, we affirm the conviction.

Affirmed.